█ Leroy Forbes, Respondent, v Eda L. Clarke, Appellant. [599 NYS2d 230] —Order and judgment (one paper), Supreme Court, Bronx County (Philip C. Modesto, J.), entered April 27, 1992, which, after a non-jury trial, found in favor of the plaintiff and imposed a constructive trust on certain premises, unanimously affirmed, with costs.

In 1990, the parties purchased, in their joint names, title to premises in Bronx County. The evidence adduced by plaintiff, including documentary evidence, showed that plaintiff contributed the entire amount toward the purchase of the premises, and that defendant held title only for the purpose of securing a mortgage, that defendant had promised to convey her interest to the plaintiff after the sale. Defendant asserted that she had contributed $11,000 toward the purchase price, but could produce no evidence that she possessed the requisite funds, or that she transferred any such sum to plaintiff. Under the circumstances, there is no doubt that the parties, whose relationship was undoubtedly close, enjoyed a confidential relationship sufficient to sustain the imposition of a constructive trust, that there was a promise and a transfer in reliance thereon, and that to permit defendant to retain an interest in the premises would constitute unjust enrichment (see, Spodek v Riskin, 150 AD2d 358, 361). The continuance of defendant's potential liability on the mortgage in the event of a default is not sufficient to defeat plaintiff's right to the imposition of a constructive trust (Coco v Coco, 107 AD2d 21, appeal dismissed 65 NY2d 637; Hornett v Leather, 145 AD2d 814, 816, lv denied 74 NY2d 603). Concur—Sullivan, J. P., Milonas, Ellerin and Asch, JJ.