■ JOSEPH PANETTA, Appellant, et al., Plaintiff, v SHARON KELLY, Appellant, and JEANNE TINGO, Respondent, et al., Defendant. [792 NYS2d 455]—

Judgment, Supreme Court, New York County (Barbara R. Kapnick, J.), entered March 22, 2004, which, to the extent appealed from as limited by the briefs, dismissed with prejudice the complaint and defendant Kelly's cross claims against defendant Tingo, unanimously reversed, on the law, without costs, the complaint and cross claims reinstated, and the action remanded for further proceedings. Appeal from order, same court and Justice, entered March 15, 2004, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff and defendant Kelly wanted to buy a studio apartment in a cooperative building on West End Avenue in Manhattan to use for business purposes. In order to satisfy the requirement that the cooperative apartment be owner-occupied, the parties asked defendant Tingo, a family friend of Kelly, to hold the shares, as neither plaintiff nor Kelly was in a position to occupy the apartment.

Plaintiff and Kelly allege that in April 1993 they and Tingo

entered an oral agreement that plaintiff and Kelly would pay the full purchase price of the apartment, but the shares and proprietary lease would be held in Tingo's name. Plaintiff and Kelly would occupy the apartment for their business purposes and pay the monthly maintenance charges, but Tingo would take the income tax deductions attributable to such charges. Plaintiff and Kelly maintain that under the oral agreement, only they would share in any profit or loss from the sale, which would occur when either of the two wanted to sell.

Tingo, on the other hand, claimed the agreement was only between Kelly and her, and she did not learn about plaintiff until a year after the purchase. In addition, Tingo maintains that she and Kelly agreed the apartment would belong to Tingo upon Kelly's death. Kelly denies any such agreement.

It is undisputed that plaintiff and Kelly paid for the apartment and that Tingo never paid the maintenance charges, but did deduct these charges on her tax returns. After the closing, at which Tingo was represented by an attorney retained by Kelly, plaintiff and Kelly took occupancy and made improvements solely with their own money. Tingo never physically occupied the apartment or requested a lease. Plaintiff thereafter ceased using the apartment for business purposes.

Plaintiff claims that he demanded Tingo and Kelly sell the apartment, but they refused. Consequently, plaintiff commenced this action against Kelly and Tingo for breach of contract, specific performance, constructive trust and use and occupancy. Kelly cross-claimed against Tingo for indemnification and contribution, specific performance and breach of contract.

After depositions and discovery, plaintiff moved for summary judgment. Kelly cross-moved for summary judgment, apparently on her cross claims for breach of contract and specific performance. Tingo cross-moved, among other things, to amend her answer to assert an affirmative defense of statute of frauds, for dismissal of plaintiff's contractual claims as barred by the statute of frauds, for dismissal of the complaint for failure to state a cause of action, and for summary judgment dismissing the complaint and Kelly's cross claims.

The court granted Tingo's cross motion to the extent of dismissing the complaint and Kelly's cross claims and denied the motions of plaintiff and Kelly. In particular, the court, after granting Tingo leave to amend her pleadings, held that the statute of frauds barred recovery on an oral contract involving real estate, and dismissed the breach of contract and specific performance causes of action. The court also found that plaintiff could not satisfy the elements of a constructive trust and dismissed

that cause of action as well as the use and occupancy claim. Finally, the court dismissed Kelly's cross claims against Tingo. Plaintiff and Kelly separately appeal, and we reverse.

The statue of frauds prohibits the conveyance of real property without a written contract (*see* General Obligations Law § 5-703 [1]). This statute applies as well to a contract conveying an interest in a cooperative apartment (*see Moloney v Weingarten,* 118 AD2d 836 [1986], *lv denied* 69 NY2d 608 [1987]). While the statute of frauds empowers courts of equity to compel specific performance of agreements in cases of part performance (§ 5-703 [4]), the claimed partial performance "must be unequivocally referable to the agreement" (*see Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group,* 93 NY2d 229, 235 [1999]).

The record is replete with uncontested and abundant proof raising factual issues as to partial performance that should have precluded summary judgment. More particularly, plaintiff and Kelly paid the entire purchase price for the apartment, arranged and paid for the attorney to act on Tingo's behalf at the closing, insured that the stock and proprietary lease were placed in Tingo's name, improved the apartment solely with their own funds, occupied the apartment for business purposes, and paid all the monthly maintenance charges while Tingo reaped the tax benefit. Such performance is singularly referable to the oral contract, because no other scenario rationally explains why plaintiff and Kelly would finance this purchase and its accompanying expenses, and fund all the premises' improvements only to have Tingo become the apartment's sole owner. Thus, the motion court erred in dismissing the breach of contract and specific performance causes of action set forth in both the complaint and Kelly's cross claims where plaintiff and Kelly raised triable issues of fact regarding part performance (*see Club Chain of Manhattan v Christopher & Seventh Gourmet,* 74 AD2d 277 [1980], *appeal dismissed* 53 NY2d 703 [1981]).

Plaintiff's third cause of action seeks to impose a constructive trust on the stock and proprietary lease. Although the statute of frauds does not bar a court from imposing a constructive trust (*see Forbes v Clarke,* 194 AD2d 393 [1993]; *Spodek v Riskin,* 150 AD2d 358 [1989]), four elements must be established before a court may grant this remedy: (1) a confidential or fiduciary relationship, (2) a promise, express or implied, (3) a transfer in reliance thereon, and (4) unjust enrichment (*Crown Realty Co. v Crown Hgts. Jewish Community Council,* 175 AD2d 151 [1991]).

Taking plaintiff's allegations as true and affording him the

benefit of all favorable inferences (*see Rovello v Orofino Realty Co.*, 40 NY2d 633 [1976]), many issues abound over whether the parties "enjoyed a confidential relationship sufficient to sustain the imposition of a constructive trust" (*Forbes v Clarke*, 194 AD2d 393 [1993], *supra*). Moreover, contrary to the IAS court finding that plaintiff is unable to establish a case for unjust enrichment, there are factual issues which, if resolved in plaintiff's favor, would prove this element, i.e., that Tingo would retain title to a valuable cooperative in which she made no investment and from which she reaped, inter alia, a long-term tax benefit. Finally, inasmuch as plaintiff's constructive trust claim survives, it is premature to dismiss the use and occupancy claim at this juncture. Concur—Saxe, J.P., Marlow, Ellerin, Nardelli and Sweeny, JJ.