■ BONNIE SCALISI et al., Appellants, v NEW YORK UNIVERSITY MEDICAL CENTER, Respondent. [805 NYS2d 62]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered March 25, 2004, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

This action for purported breach of contract arose after plaintiffs, Bonnie Scalisi (wife) and Maurice Scalisi (husband), sought the services of defendant, New York University Medical Center (NYU), for in vitro fertilization. Plaintiff wife's family history of autism prompted her and her husband to undergo a procedure whereby her husband's sperm and a donor egg would be used in the in vitro fertilization procedure before the impregnation of plaintiff wife.

Plaintiffs allege that in October 1997, defendant orally assured them that impregnating plaintiff wife rather than a surrogate with the fertilized egg would not result in the birth of a child affected by autism. On or around December 6, 1997, plaintiffs signed a written agreement contracting with defendant for its services of in vitro fertilization and impregnation. The agreement, in relevant part, includes plaintiff wife's consent to be "recipient for eggs donated from another woman." The

next sentence is handwritten and states: "Genetic tendencies, predisposition to autism."

In the signed agreement, the plaintiffs further acknowledged that: "within the human population, a certain percentage . . . of children are born with physical and mental defects, and that the occurrence of such defects is beyond the control of physicians . . . . We therefore understand and agree that NYU Medical Center, PIVF and its physicians *do not assume responsibility for the physical and mental characteristics of hereditary tendencies of any child born as a result of these procedures*" (emphasis added). The agreement also provided that: "[t]his agreement, therefore, is *no contract to cure*, a warranty of treatment nor a guarantee of conception" (emphasis added).

On July 30, 1998, plaintiff wife gave birth to twins, a boy and a girl. One of the twins allegedly was born with "autistic traits." More than $3^{1}/_{2}$ years later, on February 15, 2002, plaintiffs commenced a breach of contract action against defendant. The complaint alleged that plaintiffs entered into an "oral contractual agreement with defendant for in vitro fertilization . . . for the sole purpose of having offspring free of autism." The complaint further alleged that defendant breached the contract by specifically violating its purpose when it placed the fertilized egg into the uterus of plaintiff wife rather than a surrogate. Plaintiffs claimed damages of $2 million.

Defendant moved to dismiss on the basis that the action was essentially a medical malpractice action, and not one for breach of contract, and was therefore time-barred by the statute of limitations of $2^{1}/_{2}$ years (CPLR 214-a). Defendant also argued that the parol evidence rule precludes an action predicated on an alleged oral agreement when a subsequent written agreement on the same subject matter, and in direct contradiction of the purported oral agreement, was signed by plaintiffs.

The motion court determined that the complaint properly pleaded a breach of contract action and so was timely filed. However, the court dismissed the action on the grounds that plaintiffs had not submitted any affidavit in support of their claim and had not verified the complaint. The court further held that the written agreement signed by plaintiffs barred the admissibility of their alleged prior oral agreement with defendant, and that plaintiffs had failed to demonstrate any compensable damages as required in a breach of contract action.

We affirm the grant of summary judgment to defendant dismissing the complaint for the reasons set forth below.

This Court has long held that a claim sounds in medical malpractice when the gravamen of the complaint is negligence in

furnishing medical treatment (*Payette v Rockefeller Univ.*, 220 AD2d 69, 71 [1996]; *see also Weiner v Lenox Hill Hosp.*, 88 NY2d 784 [1996]). In this case, plaintiffs' breach of contract complaint clearly alleged negligence in defendant's failure to perform the correct medical procedure in order to avoid the risk of plaintiff wife giving birth to an autistic child. Thus, defendant properly asserted that this is essentially a medical malpractice action and as such is barred by the statute of limitations.

It is also well-established New York law that where a cause of action lies in medical malpractice, a breach of contract action is legally redundant, and may not be pursued unless plaintiff can prove that, within the context of medical treatment, defendant expressed a specific promise to effect a cure or to accomplish some definite result (*Winegrad v Jacobs*, 171 AD2d 525 [1991], *lv dismissed* 78 NY2d 952 [1991], citing *Mitchell v Spataro*, 89 AD2d 599 [1982]).

In this case, the written contract signed by plaintiffs states the precise opposite of what plaintiffs maintain was a representation by defendant that any child resulting from the procedure would be "free of the autistic traits known to be in the family of Bonnie Scalisi." In particular, the agreement categorically states that it is "no contract to cure." Accordingly, even if we accept that defendant made some oral promise regarding the impregnation of plaintiff wife, such representation is inadmissible. The parol evidence rule precludes giving any consideration to prior oral promises that alter or contradict the meaning of a written agreement (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]; *House v Walch*, 144 NY 418 [1895]).

Plaintiffs argue that defendant's oral representation that plaintiff wife's familial history of autism would not affect the child is not a contradiction of the written contract. Plaintiffs contend that the language of the written contract constitutes a disclaimer of responsibility with regard to general statistical inevitabilities but does not specifically disclaim its responsibility for autism occurring "uniquely due to plaintiff wife's genetic tendencies and predisposition to autism." Thus, argue plaintiffs, since the written contract addresses different issues, the oral representation is admissible.

Plaintiffs' argument does not withstand analysis. As defendant properly counters, any representation that plaintiff wife's familial history of autism would not affect the child is tantamount to a representation that letting plaintiff wife carry the child would not result in autism in any child born as a result of the procedure. That, asserts defendant, is precisely and unambiguously what is disclaimed in the written agreement.

We agree. The alleged oral representation is directly at variance with the parties' subsequent written agreement, and is therefore barred by the parol evidence rule (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]).

Accordingly, summary judgment to defendant dismissing the complaint is affirmed. Concur—Marlow, J.P., Williams, Catterson and McGuire, JJ.