█ SILVIA PAZ, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. [831 NYS2d 70]—

Order, Supreme Court, Bronx County (Paul A. Victor, J.), entered May 20, 2006, which, in an action for personal injuries allegedly caused by a defect in a crosswalk, denied plaintiff's motion to strike defendant City of New York's answer or to preclude it from denying that its affirmative acts created the alleged defect, unanimously affirmed, without costs.

Plaintiff claims that a trench had been dug across Bruckner Boulevard, almost entirely through the length of the crosswalk at the intersection with Longwood Avenue, where plaintiff fell, and that the trench's backfilling failed causing it to partially collapse and become hazardous. Although the City did not comply with the preliminary conference order of July 15, 2004 directing it to produce, inter alia, permits, cut forms and repair orders relating to the accident site for the two years prior to the accident, or respond to plaintiff's letter requesting compliance, on July 26, 2005, the City did produce a witness for deposition who had knowledge of the City's search for records conducted

in November 2004, and who produced records relating to the work performed in the vicinity of the accident site. Most of these records, including a permit issued to codefendant Yonkers Contracting "to open the roadway/install traffic signals" at the subject intersection, had been obtained by plaintiff before the action was commenced as a result of a Freedom of Information Law request to the City's Department of Transportation (DOT). However, plaintiff continued to demand records from the City after the depositions of Yonkers and codefendant Con Ed, both of which denied performing work at the intersection, and in December 2005 she made the instant motion for sanctions, arguing that the records produced by the City are not pertinent to the described defect. This resulted in a January 2006 "Interim Order" directing the City to undertake another search and, in the event no pertinent records were found, to provide an affidavit describing the search and explaining why no records were found. In response, the City produced a DOT "response sheet" describing its February 2006 search for records; produced another permit issued to Yonkers to open the roadway of Bruckner Boulevard between Longwood and Lafayette Avenues, two blocks away from the accident site, to install traffic signals; and represented, at a March 2, 2006 hearing before a Special Referee, that it had produced all documents in its possession after a search encompassing the entire length of Bruckner Boulevard.

In the circumstances, while the City's responses were belated, and while the City failed to provide an affidavit of the search done as directed in the Interim Order, its conduct was not so willful and contumacious as to warrant the extreme sanctions sought (*see Vizcarrondo v Board of Educ. of City of N.Y.*, 17 AD3d 144 [2005]). Concur—Mazzarelli, J.P., Sullivan, Sweeny, Catterson and McGuire, JJ.