■ Julio A. Pantoja, Appellant, v Universal Church of Truth et al., Respondents, et al., Defendant. [835 NYS2d 550]—

Order, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered March 8, 2006, which granted defendants' cross motion for summary judgment dismissing the complaint, except insofar as the complaint seeks return of plaintiff's deposit, transferred the action to Civil Court, and denied plaintiff's motion to strike the answer or for preclusion for failure to comply with discovery, unanimously modified, on the law, to deny the cross motion in its entirety, and to remand the matter to the Supreme Court, and otherwise affirmed, without costs.

The complaint seeks specific performance of a contract for the sale of certain real property, owned at the time of the alleged contract of sale by defendant church. The motion court dismissed the complaint on the ground that the purported contract was void under the statute of frauds (General Obligations Law § 5-703). It is, however, undisputed that plaintiff tendered a $5,000 deposit to the church's attorney, which was never returned, and that, together with the circumstance that plaintiff remained in possession of the subject property for some three years following the alleged agreement for its sale, is sufficient to raise a triable issue as to whether there is a sufficient equitable predicate to remove the claimed contract from the statute (*see* General Obligations Law § 5-703 [4]; *and see generally Panetta v Kelly*, 17 AD3d 163, 165 [2005], *lv dismissed* 5 NY3d 783 [2005]). Issues of fact also exist as to whether the defendant church's conveyance of the property to defendant Seven Waters, Inc. was valid, since Religious Corporations Law § 12 (1) requires court approval of the sale of property by a religious corporation, and defendants have not offered proof of such approval.

Plaintiff's motion was properly denied. Defendants' conduct "was not so willful and contumacious as to warrant the extreme sanctions sought" (*Paz v City of New York*, 38 AD3d 269, 270 [2007]). Indeed, defendants timely complied with plaintiff's discovery requests and provided documents and responses pursuant to the requests. Concur—Tom, J.P., Williams, McGuire, Malone and Kavanagh, JJ.