■ Natalia Amaro, an Infant, by Her Mother and Natural Guardian, Francisca Almazan, Respondent, v Gani Realty

CORPORATION et al., Appellants, et al., Defendants. [876 NYS2d 1]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered May 1, 2008, which, in an action for personal injuries allegedly caused by lead-based paint, insofar as appealed from, denied defendants landlord and managing agent's cross motion to dismiss the complaint, deemed the amended complaint and second supplemental bill of particulars timely served, and sua sponte consolidated the action with another action brought by plaintiffs against the owner of the building they moved into after moving out of defendants' building, unanimously affirmed, without costs.

On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). The court must accept the facts alleged in the complaint as true and accord the plaintiffs the benefit of every possible favorable inference (*Leon v Martinez*, 84 NY2d at 87). Under CPLR 3211 (a) (1), a dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law (*id.* at 88). In assessing a motion under CPLR 3211 (a) (7), however, a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint, the criterion being not whether the proponent of the pleading has simply stated a cause of action, but whether he or she actually has one (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977] [motion must be denied if "from (the) four corners (of the pleading) factual allegations are discerned which taken together manifest any cause of action cognizable at law"]; *Wiener v Lazard Freres & Co.*, 241 AD2d 114 [1998]).

Giving plaintiffs the benefit of every possible favorable inference (*see Rovello v Orofino Realty Co.*, 40 NY2d 633, 634 [1976]), defendants' evidence that plaintiffs were not the tenants of record, that plaintiffs' occupancy of the apartment was not known to them, and that they did not have notice that a child under seven years old was living in the apartment is rebutted by plaintiffs' evidence that, for approximately two months during the summer of 2004, they lived in the apartment with the tenant of record, who was the adult plaintiff's sister, and the lat-

ter's two daughters, one of whom was under seven years old at the time. It thus appears that defendants had notice that at least one child under seven was living in the apartment (*see Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 646 [1996]). For present purposes, the contradiction between the original complaint's allegation that plaintiffs were living in the apartment during the summer of 2003 and plaintiffs' pleadings in the other action that they were living in Chicago during the summer of 2003 was adequately explained as a typographical error or miscommunication with counsel, and, like the inconsistent statements made in the pleadings in the other action concerning plaintiffs' residence during the summer of 2004 merely raises issues of credibility for the factfinder.

The court properly permitted plaintiffs to amend the complaint and serve the second supplemental bill of particulars, dispensing with a motion for leave to amend, where there was no showing of prejudice by defendants (*see Cherebin v Empress Ambulance Serv., Inc.*, 43 AD3d 364, 365 [2007]), and, in opposition to defendants' cross motion to dismiss, plaintiffs submitted evidentiary proof that would have satisfied their burden on a motion for leave. The motion court properly consolidated two actions that concern the same injuries to the same plaintiffs and involve many common issues of law and fact. Concur—Saxe, J.P., Catterson, McGuire, Moskowitz and Acosta, JJ.