█ Maurice Thomas et al., Appellants, v Janet Thomas, Respondent, et al., Defendant. [896 NYS2d 30]—

Order, Supreme Court, Bronx County (Paul A. Victor, J.), entered June 10, 2008, which, to the extent appealed from, as limited by the briefs, granted defendant Janet Thomas's motion to dismiss, for failure to state a cause of action, plaintiffs' claim for a constructive trust, reversed, on the law, without costs, the motion denied, and the complaint reinstated to the extent it seeks imposition of a constructive trust on the property in dispute.

Plaintiffs allege in their complaint that defendant Janet Thomas[1] orally agreed to temporarily take title to real property owned by them. They claim that they were financially unqualified to refinance the property and that Janet Thomas offered, in exchange for a payment of $5,000, to hold the property in her name and apply for a new mortgage. They also allege that she agreed to then transfer the property back to plaintiffs after their financial position improved. Plaintiffs assert that, after they transferred the property to her and the mortgage was successfully refinanced, Janet Thomas refused to transfer it back to them. Indeed, they claim that Janet Thomas has taken steps to further encumber the property and to transfer it to a third party. The complaint asserts a cause of action denominated as one "pursuant to New York State [Real Property Actions and Proceedings Law] Article 15,"[2] and a cause of action for "equitable relief." Plaintiffs seek as relief an order placing the property in a constructive trust for plaintiffs' benefit and conveying the property back to plaintiffs.

After interposing her answer, Janet Thomas moved to dismiss the complaint pursuant to CPLR 3211 (a) (7). She argued that the agreement between the parties was unenforceable as violative of the statute of frauds because it was never reduced to writing. In support of the motion, Janet Thomas submitted an affidavit in which she admitted the existence of the agreement. She claimed, however, that plaintiffs had failed to make

---

**1.** Defendant Janet Thomas does not appear to be related to plaintiffs Maurice Thomas and Sharon Thomas.

**2.** RPAPL article 15 is entitled "Action to Compel the Determination of a Claim to Real Property."

mortgage payments, that the property was in foreclosure, and that her own credit had been adversely affected. Janet Thomas further stated in the affidavit that she had known plaintiffs for over 10 years. Finally, Janet Thomas specifically refuted plaintiffs' allegation that she was paid $5,000 in consideration for her agreement to take title to the property. Rather, she claimed, the payment represented money owed to her by a "partner" program. The partner program, she explained, is a system whereby people, most of Jamaican origin, pool their cash. At the time of the transaction at issue, Janet Thomas stated, Sharon Thomas was responsible for the program's intake and payout of funds.

In opposition to the motion, plaintiffs argued that the parties' partial performance of the agreement took it out of the purview of the statute of frauds pursuant to General Obligations Law § 5-703 (4). However, in granting Janet Thomas's motion, the IAS court apparently rejected this argument. It based its decision to dismiss the complaint entirely on the absence of a writing memorializing the parties' agreement.

A strong argument exists that, contrary to Supreme Court's conclusion, the statute of frauds is not a bar to plaintiffs' claim. That is because Janet Thomas admitted in her affidavit that she agreed to the arrangement proposed by plaintiffs (see Cole v Macklowe, 40 AD3d 396, 399 [2007] ["the statute was not enacted to enable defendants to interpose it as a bar to a contract fairly and admittedly made"]). However, while they made such an argument below, plaintiffs have abandoned it on appeal (see McHale v Anthony, 41 AD3d 265, 266-267 [2007]). Rather, plaintiffs argue that, notwithstanding the statute of frauds, the court should have found that plaintiffs made out a claim for a constructive trust on the property. They assert that the complaint supports such a cause of action because the complaint alleges a confidential relationship between the parties, a promise by Janet Thomas upon which plaintiffs relied, and the unjust enrichment of Janet Thomas (see Sharp v Kosmalski, 40 NY2d 119, 121 [1976]). Janet Thomas responds that the complaint does not allege any of the elements necessary to establish a cause of action for a constructive trust.

Because the instant motion is pursuant to CPLR 3211, the complaint "is to be afforded a liberal construction (see, CPLR 3026). We accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory." (Leon v Martinez, 84 NY2d 83, 87-88 [1994].) Applying this standard, plaintiffs have stated a

cause of action for a constructive trust. As a preliminary matter, it is accepted that a constructive trust over real property can be imposed even where an underlying agreement is not in writing (*see Sharp*, 40 NY2d at 122). The complaint clearly alleges that Janet Thomas promised to transfer the property back to plaintiffs. It can be inferred that plaintiffs relied on that promise, or they would have not made the transfer. That plaintiffs meant to convey in their complaint that Janet Thomas would be unjustly enriched without judicial intervention can be similarly assumed.

While it is not clearly spelled out in the complaint that plaintiffs and Janet Thomas had a confidential relationship, Janet Thomas's affidavit, submitted in support of her motion, provides sufficient information to draw such an inference. Specifically, the affidavit volunteers the existence of the partner program and the fact that, until shortly before the transaction at issue, the parties were coventurers in a quasi-banking enterprise, however informal that enterprise may have been. This is sufficient to infer that the parties had fiduciary responsibilities to one another which elevated the relationship from one of mere acquaintances to a "confidential" one. We disagree with the dissent's position that we may not consider Janet Thomas's affidavit. On a CPLR 3211 motion a plaintiff's affidavit "may be used freely to preserve inartfully pleaded, but potentially meritorious, claims" (*Rovello v Orofino Realty Co.*, 40 NY2d 633, 635 [1976]). It follows, a fortiori, that admissions in a defendant's affidavit may similarly be used to ascertain whether a plaintiff has a valid cause of action.

We have not applied a rigid standard when identifying relationships that can be the predicate for imposition of a constructive trust. For example, in *Panetta v Kelly* (17 AD3d 163 [2005], *lv dismissed* 5 NY3d 783 [2005]), the plaintiff and her business partner paid for a cooperative apartment that they intended to use for business purposes, but asked a "family friend" of the business partner to hold the shares. When the partner's friend refused to cooperate in selling the apartment, the plaintiff sought a constructive trust over the shares. Affording the plaintiff "the benefit of all favorable inferences" (*id.* at 165-166), we found an issue of fact to exist as to whether plaintiff and the partner's "family friend" enjoyed a confidential relationship. In *Forbes v Clarke* (194 AD2d 393 [1993]), we again demonstrated flexibility in determining whether a confidential relationship existed, upholding a verdict imposing a constructive trust where the parties' relationship was merely described as being "undoubtedly close." The Second Department has been

similarly liberal in its characterization of such relationships. For example, in *Brand v Lipton* (274 AD2d 534, 534 [2000]), it affirmed the denial of a motion to dismiss a cause of action for a constructive trust where the parties were "life-long friends" who shared season tickets for a football team. Thus, the allegations here concerning the parties' relationship, including those in Janet Thomas's affidavit, are sufficient to survive a motion to dismiss. Accordingly, we reverse the order and reinstate the complaint, to the extent it seeks imposition of a constructive trust on the property in dispute. Concur—Mazzarelli, J.P., Nardelli and Catterson, JJ.

DeGrasse and Román, JJ., dissent in a memorandum by Román, J., as follows: Since I believe that the majority misconstrues well settled law, applicable to motions to dismiss pursuant to CPLR 3211 (a) (7), I dissent.

This is an action for breach of an oral agreement, for unjust enrichment and for imposition of a constructive trust. The complaint alleges that plaintiffs transferred real property, located in Bronx County, to defendant Janet Thomas. It is further alleged that according to an oral agreement, Janet Thomas was to reconvey the property to plaintiffs. The complaint alleges that while Janet Thomas has owned the property she has not paid any bills associated therewith and that the bills have been in fact paid by plaintiffs. In support of her motion to dismiss the complaint, Janet Thomas submits an affidavit wherein she chronicles the extent of her relationship with plaintiff Sharon Thomas, averring that they met through a mutual friend. Thereafter, Janet Thomas joined a "partner" program, administered by Sharon Thomas, whereby she and others pooled their money for redistribution—in essence a communal method of saving money. In an affidavit submitted by Sharon Thomas, she confirms the extent of her relationship with Janet Thomas and further states that the transfer of the property to Janet Thomas was made with the understanding that it would be reconveyed to the plaintiffs.

When deciding a motion to dismiss a complaint, pursuant to CPLR 3211 (a) (7), all allegations in the complaint are deemed to be true (*Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409, 414 [2001]; *Cron v Hargro Fabrics*, 91 NY2d 362, 366 [1998]). All reasonable inferences which can be drawn from the complaint and the allegations therein stated shall be resolved in favor of the plaintiff (*id.*). In opposition to such a motion, a plaintiff may submit affidavits to remedy defects in the complaint (CPLR 3211 [c]; *Cron v Hargro Fabrics*, 91 NY2d at 366; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Amaro v Gani*

*Realty Corp.*, 60 AD3d 491, 492 [2009]). If an affidavit is submitted for that purpose, it should be given its most favorable intendment (*Cron v Hargro Fabrics*, 91 NY2d at 366).

A complaint seeking imposition of a constructive trust must allege "four elements . . . (1) a confidential or fiduciary relationship, (2) a promise, express or implied, (3) a transfer in reliance thereon, and (4) unjust enrichment" (*Panetta v Kelly*, 17 AD3d 163, 165 [2005], *lv dismissed* 5 NY3d 783 [2005]; *Crown Realty Co. v Crown Hgts. Jewish Community Council*, 175 AD2d 151 [1991]).

Here, as the majority concedes, the complaint and plaintiffs' papers in opposition to the motion to dismiss are bereft of any assertions as to the existence of either a confidential or a fiduciary relationship. A liberal reading of the complaint and Sharon Thomas's affidavit evinces that at best, Janet Thomas and the plaintiffs were acquaintances, bound together by the instant transaction and an unrelated savings program. No reading of the complaint or Sharon Thomas's affidavit shows that the relationship was one of trust and confidence, the hallmark of a confidential or a fiduciary relationship (*see Sharp v Kosmalski*, 40 NY2d 119, 121-122 [1976]).

Accordingly, plaintiffs fail to state a cause of action for constructive trust, the only cause of action they address on appeal. To the extent that the majority comes to a different conclusion, it does so by misconstruing the applicable law.

While a plaintiff can cure pleading defects by submitting an affidavit, it does not follow that any such defects in a plaintiff's pleadings can be cured by a defendant's submissions, affidavit or otherwise. Here the majority finds that the existence of a confidential relationship by virtue of an affidavit submitted by Janet Thomas in support of her motion to dismiss the complaint. While the majority's position finds some support in *Rovello v Orofino Realty Co.* (40 NY2d 633 [1976]), where the court held that affidavits can be used to correct pleading defects in a complaint, without ever stating whose affidavits could be so considered, in *Leon* and then again in *Cron*, the Court of Appeals, while citing *Rovello*, nevertheless implicitly narrowed the holding in *Rovello,* stating that "[i]n opposition to such a motion [one pursuant to CPLR 3211], a *plaintiff* may submit affidavits 'to remedy defects in the complaint' and 'preserve inartfully pleaded, but potentially meritorious claims' " (*Cron v Hargro Fabrics*, 91 NY2d at 366, quoting *Rovello v Orofino Realty Co.*, 40 NY2d at 635-636 [emphasis added]). Thus, it is only a plaintiff's affidavit which can be used to remedy a defect in the complaint (*id.*; *see Leon v Martinez*, 84 NY2d at 88; *Amaro*

*v Gani Realty Corp.*, 60 AD3d at 492; *see also Fitzgerald v Federal Signal Corp.*, 63 AD3d 994, 995 [2009]).

Therefore, to the extent that Janet Thomas's affidavit alludes to what the majority characterizes as a confidential relationship, this does not avail plaintiffs and cannot cure the defect in plaintiffs' complaint. The use of an affidavit in this manner is simply not supported by law. Moreover, the majority assumes that Janet Thomas's affidavit, pleads the existence of a confidential or fiduciary relationship, and I do not believe that it does.