■ DOMINIC FLORIO et al., Respondents, v ARNOLD KOSIMAR, Appellant, et al., Defendants. [915 NYS2d 42]—

Order, Supreme Court, New York County (Joan B. Carey, J.), entered on or about December 22, 2009, which, insofar as appealed from, as limited by the briefs, denied defendant Arnold Kosimar's motion for summary judgment dismissing the complaint as against him, unanimously affirmed, without costs.

In this medical and dental malpractice action, the motion court properly denied defendant's motion for summary judgment. To sustain a cause of action for medical malpractice, a plaintiff must prove a deviation or departure from accepted practice and that such departure was a proximate cause of plaintiff's injury (see *Frye v Montefiore Med. Ctr.*, 70 AD3d 15,

24 [2009]). Here, the conflicting expert affidavits raise issues of fact as to whether defendant departed from accepted practice by, inter alia, failing to perform other testing before ruling out an infection. Although defendant claimed that his duty of care to plaintiff was limited to determining whether plaintiff's swelling might compromise his airway, issues remain as to whether the duty expanded past the immediacy of the consultation (*see Cregan v Sachs*, 65 AD3d 101, 109-110 [2009]). The conflicting affidavits likewise raise a triable issue as to whether the departures were a proximate cause of plaintiff's infection. His experts opined that the infection had been present since the placement of the implants, that plaintiff's swelling in the vicinity of a recent operative site was a symptom of the infection, and that an earlier diagnosis of the infection would have minimized the risk of systemic infection (*see Alvarado v Miles*, 32 AD3d 255 [2006], *affd* 9 NY3d 902 [2007]).

We reject defendant's argument that plaintiff's experts are unqualified and that their opinions are speculative (*see Farkas v Saary*, 191 AD2d 178 [1993]). Concur—Gonzalez, P.J., Mazzarelli, Sweeny, Richter and Manzanet-Daniels, JJ.