Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about July 5, 2011, which, in this dental malpractice action, to the extent appealed from as limited by the briefs, denied plaintiffs motion to amend the complaint to add a cause of action for lack of informed consent, granted the dentist defendants’ (defendants) motion for partial summary judgment dismissing plaintiffs gross negligence and breach of implied warranty claims and her demand for punitive damages, and denied plaintiff’s cross motion for leave to amend the complaint to add a claim for breach of contract and to further particularize facts concerning her claims for lack of informed consent, gross negligence, and breach of contract, unanimously affirmed, without costs.
The court providently exercised its discretion in denying plaintiffs request for leave to amend the complaint to add lack of informed consent claims. Plaintiff failed to submit an expert affirmation stating with certainty that the information defendants allegedly provided to plaintiff before the dental procedures at issue departed from what a reasonable practitioner would have disclosed (see Orphan v Pilnik, 15 NY3d 907, 908 [2010]). Further, the numerous unauthenticated audio recordings upon which plaintiff heavily relies are insufficient to independently establish the merit of her proposed amendment.
Plaintiff’s allegations that defendants negligently placed a veneer on one of her teeth, intentionally misled her to believe that she would receive the “picket fence” dental treatment, and gave her precision dentures despite a lack of experience in this area, do not rise to the level of gross negligence, as the alleged conduct does not “smack” of intentional wrongdoing (see Apple Bank for Sav. v PricewaterhouseCoopers LLP, 70 AD3d 438, 438 [1st Dept 2010] [internal quotation marks omitted]). Plaintiffs allegations do not sufficiently state anything other than dental malpractice claims. The alleged conduct also “falls short of *531 showing the high degree of moral turpitude, wanton dishonesty and utter malice necessary to an award of punitive damages” (Board of Mgrs. of the Waterford Assn., Inc. v Samii, 68 AD3d 585, 586 [1st Dept 2009] [internal quotation marks omitted]).
Plaintiff’s proposed breach of contract claim is “legally redundant” of the dental malpractice claim, and plaintiff has failed to show that, within the context of her dental treatment, defendants expressed a specific promise to accomplish some definite result (Scalisi v New York Univ. Med. Ctr., 24 AD3d 145, 147 [1st Dept 2005]). Defendants’ alleged promises to make plaintiff look “gorgeous” are insufficient.
Plaintiff has not shown that there had been a sale within the meaning of the Uniform Commercial Code (UCC) so as to give rise to any implied warranties under section 2-315 of the UCC. Indeed, the dental items plaintiff identified in her complaint are not “goods” within the meaning of section 2-315. Rather, they are items that were “incidental part[s] of the services rendered” by defendants in the course of plaintiffs dental treatment (see Osborn v Kelley, 61 AD2d 367, 369 [3d Dept 1978]). Concur— Friedman, J.P., Sweeny, Renwick, Freedman and Roman, JJ. [Prior Case History: 2011 NY Slip Op 31804(U).]