■ CEFERINO GADDI et al., Respondents, v MARIVIC L. GADDI, Appellant. [968 NYS2d 493]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered April 17, 2012, which, insofar as appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing the complaint and granted plaintiffs' cross motion for leave to serve an amended complaint, unanimously modified, on the law, to grant defendant's motion to the extent of dismissing the amended complaint's first cause of action, and otherwise affirmed, without costs.

In this dispute between siblings over the ownership of a condominium apartment located in Manhattan, plaintiffs' first cause of action which seeks to establish ownership based on an alleged conveyance made to plaintiff Ceferino Gaddi by the parties' father must be dismissed since the alleged conveyance violates the statute of frauds (*see* General Obligations Law §

5-703 [1]). The complaint alleges that the senior Gaddi held an interest in the apartment through defendant, who purchased it as his nominee. However, plaintiffs failed to submit any documentary evidence to substantiate the alleged nominee agreement which is required to be in writing (*id.*; *see Baker v Latham Sparrowbush Assoc.*, 129 AD2d 667, 668 [2d Dept 1987], *lv denied* 70 NY2d 606 [1987]).

Plaintiffs have, however, raised issues of fact with respect to their claim for constructive trust (*see Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]; *Palazzo v Palazzo*, 121 AD2d 261, 264 [2d Dept 1986]). The record contains ample evidence of defendant's promise to convey legal title to the apartment to plaintiffs, and defendant does not dispute that she made the promise. Defendant argues that plaintiffs failed to establish that they made any transfer in reliance on her promise. However, the record establishes that in reliance on defendant's promise, plaintiffs satisfied the mortgage and paid the property taxes and common charges for several years (*Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]). We note that defendant does not dispute that she has a confidential relationship with plaintiffs, her brother and sister-in-law.

We reject defendant's argument that she was not unjustly enriched by plaintiffs' payment of the mortgage. The payment of the mortgage conferred very real benefits to defendant, including discharging the bank's mortgage lien on the apartment and saving defendant $35,000 in mortgage payments. Defendant's characterization of the mortgage payment as the equivalent of rent, at most, raises an issue of fact as to plaintiffs' motivation in making the payment and defendant's reasons in seeking and accepting plaintiffs' satisfaction of the mortgage and subsequent payment of property taxes and common charges.

Contrary to defendant's argument, plaintiffs' claims are not barred by the applicable six-year statute of limitations (*see* CPLR 213 [1]). The limitations period did not begin to run until May 2010, when defendant unequivocally repudiated her promise to convey legal title by demanding that plaintiffs vacate the premises (*see Quadrozzi v Estate of Quadrozzi*, 99 AD3d 688, 690 [2d Dept 2012]).

We have considered defendant's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Acosta, Saxe, Freedman and Clark, JJ.