Castellotti v Free (2018 NY Slip Op 07045)





Castellotti v Free


2018 NY Slip Op 07045


Decided on October 23, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2018

Renwick, J.P., Richter, Kahn, Gesmer, Singh, JJ.


158162/12 7411 7410

[*1]Peter Castellotti, Plaintiff-Appellant,
v
Lisa Free, Defendant-Respondent, John R. Blasi, et al., Defendants.


J. Kaplan & Associates, PLLC, New York (Jeffrey A. Kaplan of counsel), for appellant.
Reed Smith LLP, New York (Steven Cooper of counsel), for respondent.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered June 7, 2017, which, to the extent appealed from as limited by the briefs, held, sua sponte, that a prior order of this Court, entered March 8, 2016, limited plaintiff's recovery under his promissory estoppel claim to the amount plaintiff paid for his mother's estate tax, and dismissed plaintiff's claim for a constructive trust, unanimously reversed, on the law, without costs, and the order vacated. Appeal from order, same court and Justice, entered October 20, 2017, which denied plaintiff's motion seeking an appealable version of the court's June 7, 2017 order, unanimously dismissed, without costs, as academic, in light of this Court's order, entered December 14, 2017, granting leave to appeal from the June 7, 2017 order.
In this action, plaintiff and defendant are brother and sister. Plaintiff alleged that, as a result of his impending divorce from his former wife, his mother removed him from the will so that his former wife could not obtain any part of the mother's estate. The amended complaint alleges that, both before the mother's death and subsequent to it, plaintiff and defendant entered into an oral agreement whereby, essentially, defendant would be the sole heir to the estate, and would, among other things, give plaintiff his 50% share after completion of plaintiff's divorce, and, until the final transfer of his share of the estate, defendant would maintain a life insurance policy of at least $5 million, with plaintiff as the sole beneficiary. Giving the complaint "the benefit of every possible favorable inference" (Leon v Martinez, 84 NY2d 83, 87 [1994]), it may be inferred that this oral agreement was in furtherance of the mother's wishes, as her decision to remove plaintiff from the will was for the sole purpose of denying the former wife any access to the estate, and not an affirmative wish to disinherit plaintiff. In furtherance of the oral agreement, following the mother's death, plaintiff paid the estate tax from his share of the mother's life insurance policy.
This Court's prior determination (Castellotti v Free, 138 AD3d 198 [1st Dept 2016]), while finding that the oral agreement was unenforceable under the statute of frauds (General Obligations Law § 5-701), did not conclude that plaintiff's damages under his promissory estoppel claim were limited to reimbursement of the amount he paid in the estate taxes. As stated by the Court of Appeals: "where the elements of promissory estoppel are established, and the injury to the party who acted in reliance on the oral promise is so great that enforcement of the statute of frauds would be unconscionable, the promisor should be estopped from reliance on the statute of frauds" (Matter of Hennel, 29 NY3d 487, 494 [2017]). On the prior appeal, this Court found that "triable issues of fact exist as to whether [plaintiff] has suffered the requisite unconscionable injury" (138 AD3d at 205), citing Ackerman v Landes (112 AD2d 1081 [2d Dept 1985]), in which that court held, inter alia: "[Whether] the circumstances are so egregious as to [*2]render it unconscionable to permit the defendant to invoke the Statute of Frauds are questions that should not be determined on the pleadings, but should await a full determination of the facts upon the trial" (id. at 1083-1084).
Plaintiff here has also sufficiently alleged the elements of his constructive trust claim (see Panetta v Kelly, 17 AD3d 163, 165 [1st Dept 2005], lv dismissed 5 NY3d 783 [2005]; Bontecou v Goldman, 103 AD2d 732, 733 [2d Dept 1984]), including the requisite confidential relationship (see Gaddi v Gaddi, 108 AD3d 430, 431 [1st Dept 2013]; Thomas v Thomas, 70 AD3d 588, 591-592 [1st Dept 2010]).
We have examined defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 23, 2018
CLERK