Rosanna Lopez, individually, and Luisanna Lopez, a child under the age of 12 by her mother, Rossanna Lopez, Plaintiff-Appellant, Dr.
against
Ronald J. Topal, Defendant-Respondent.



Plaintiff Rosanna Lopez, as limited by her brief, appeals from so much of an order of the Civil Court of the City of New York, Bronx County (Paul L. Alpert, J.), dated August 11, 2016, as granted defendant's CPLR 3211(a)(7) motion to dismiss the causes of action in the amended complaint asserted by Rosanna Lopez in her individual capacity.




Per Curiam.
Order (Paul L. Alpert, J.), dated August 11, 2016, insofar as appealed from, affirmed, with $10 costs.
Plaintiff-appellant's breach of contract cause of action, emanating from defendant-orthodontist's treatment of plaintiff with Invisalign braces, was properly dismissed on defendant's CPLR 3211(a)(7) motion. Plaintiff has failed to show that, within the context of her orthodontic treatment, defendant expressed a specific promise to effect a cure or to accomplish some definite result (see Leighton v Lowenberg, 103 AD3d 530, 531 [2013]; Scalisi v New York Univ. Med. Ctr., 24 AD3d 145, 147 [2005]). Indeed, the written agreement signed by plaintiff contained no promise for a specific result, and the written consent form also signed by plaintiff includes a representation by her that she understands that defendant "cannot guarantee that you will be completely satisfied with your result, nor can all complications or consequences be anticipated" (see B.F. v Reproductive Medicine Assoc. of NY, LLP, 136 AD3d 73, 81 [2015], affd 30 NY3d 608 [2017]).
Plaintiff's additional claims of fraud and conversion were properly dismissed because they are based on the same facts that underlie the contract cause of action (see Sebastian Holdings, Inc. v Deutsche Bank, AG., 108 AD3d 433 [2013]; Financial Structures Ltd. v UBS AG, 77 AD3d 417, 419 [2010]). Plaintiff's cause of action for punitive damages was also properly dismissed, since New York does not recognize an independent cause of action for punitive damages (see Jean v Chinitz, 163 AD3d 497, 498 [2018]) and the alleged conduct falls short of showing the high degree of moral turpitude, wanton dishonesty and utter malice [*2]necessary to an award of punitive damages (see Leighton v Lowenberg, 103 AD3d at 530-531).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 20, 2018