Matter of Chimsanthia (2021 NY Slip Op 06796)





Matter of Chimsanthia


2021 NY Slip Op 06796


Decided on December 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 07, 2021

Before: Renwick, J.P., Mazzarelli, Singh, Mendez, Higgitt, JJ. 


File No. 2017-4536/F Appeal No. 14776 Case No. 2020-03908 

[*1]In the Matter of Nittaya Chimsanthia et al., Preliminary Executors of the Will of Joseph Scott, Petitioners-Respondents, To Compel Turnover of Decedent's Property Held by Lawrence Scott and Bridget Larigan, as Preliminary Co-Executors of the Estates of Theresa Scott and Joseph Scott, Respondents-Appellants.


Wiggin and Dana LLP, New York (Steven B. Malech of counsel), for appellants.
Citak & Citak, New York (Donald L. Citak of counsel), for respondents.



Order, Surrogate's Court, New York County (Rita Mella, S.), entered November 21, 2019, which denied respondents' motion to dismiss the SCPA 2103 turnover proceeding, unanimously modified, on the law, to grant the motion as to the cause of action seeking a constructive trust, and otherwise affirmed, without costs.
Under the doctrine of tax estoppel, petitioners, executors of Joseph Scott, Jr.'s estate, are precluded from arguing that, in exchange for respondents' decedents' transfer to Joseph Scott, Jr. of an interest in their Amagansett property, Joseph Scott, Jr. had promised to pay them proceeds from a sale of his property (the Woodbine property). The argument is "logically incompatible" with tax forms Joseph Scott, Jr. signed that state that the conveyance of the Amagansett property was "without consideration," for "$0" sale price and "not in connection with a sale," and that resulted in the family paying no real estate transfer taxes at the time of the conveyance (Matter of Ansonia Assoc. L.P. v Unwin, 130 AD3d 453, 454 [1st Dept 2015] [internal quotation marks omitted]; see Mahoney-Buntzman v Buntzman, 12 NY3d 415, 422 [2009]). The tax forms utterly refute petitioners' factual allegations that, in consideration for his interest in the Amagansett property, Joseph Scott, Jr. paid respondents more than $410,000 in his lifetime as an advance on the sale of his Woodbine property (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]). Since petitioners are precluded from arguing that there was an oral agreement that Joseph Scott, Jr. would pay respondents' decedents consideration for the Amagansett property, they cannot allege that a constructive trust should be imposed on the property (see Panetta v Kelly, 17 AD3d 163, 165 [1st Dept 2005], lv dismissed 5 NY3d 783 [2005]). The application of the tax estoppel doctrine prevents, as a matter of law, petitioners from establishing an essential element of a claim for a constructive trust: a promise by respondents' decedents to Joseph Scott, Jr. regarding the Amagansett property.
The motion court correctly declined to dismiss the unjust enrichment claim, which may be pleaded in the alternative (Chowaiki & Co. Fine Art Ltd. v Lacher, 115 AD3d 600, 601 [1st Dept 2014]). Even absent an agreement, the petition states a claim that respondents would be unjustly enriched if they were permitted to keep the Amagansett property, the $410,000, and the value of the repairs and improvements Joseph Scott, Jr. and petitioners made to the Amagansett property, all because Joseph Scott, Jr. predeceased his parents, which extinguished his and his heirs' interest in the Amagansett property.
We have considered respondents' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 7, 2021