Candelario v MJHS Hospice & Palliative Care, Inc. (2024 NY Slip Op 00125)

Candelario v MJHS Hospice & Palliative Care, Inc.

2024 NY Slip Op 00125

Decided on January 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 11, 2024

Before: Kern, J.P., Oing, Singh, Kapnick, O'Neill Levy, JJ.

Index No. 25246/16 Appeal No. 1381 Case No. 2023-00954 

[*1]Adrian Candelario et al., Plaintiffs-Respondents,
v
MJHS Hospice and Palliative Care, Inc., et al., Defendants, St. Barnabas Hospital et al., Defendants-Appellants.

Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson, LLP, White Plains (Samantha E. Quinn of counsel), for appellants.
Hasapidis Law Offices, South Salem (Annette G. Hasapidis of counsel), for respondents.

Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered November 1, 2022, which, insofar as appealed from, denied defendants St. Barnabas Hospital, Quarry Road Emergency Service, P.C. and Steven Winograd, M.D.'s motion for summary judgment dismissing the causes of action for medical malpractice, loss of services, and negligent infliction of emotional distress as against them, unanimously affirmed, without costs.
Defendants failed to demonstrate, prima facie, either the absence of any departure for the accepted medical practice, or that any departure was not a proximate cause of the plaintiffs' injuries (see Anyie B. v Bronx Lebanon Hosp., 128 AD3d 1, 3 [1st Dept 2015]). According to defendants' expert, the applicable standard of care required an emergency medicine physician to evaluate the patient, take a medical history, and determine an appropriate disposition. However, there is conflicting evidence as to whether defendant Steven Winograd, M.D., departed from accepted practice by improperly recording plaintiff's self-reported pancreatic cancer as stage IV, resulting in plaintiff's transfer to hospice. Nothing in the record supports defendants' contention that plaintiff informed Dr. Winograd that his pancreatic cancer was at stage IV, which plaintiff explicitly denied at his deposition, testifying that defendants staged his cancer. Defendants' expert's conclusory opinion that this alleged departure could not have caused any of plaintiff's claimed injuries was also insufficient to establish, prima facie, their entitlement to judgment on causation (see Wei Lin v Sang Kim, 168 AD3d 788, 788 [1st Dept 2019]).
Even if defendants had met their initial burden, plaintiffs' expert affirmation raised triable issues of fact as to whether plaintiff's claimed injuries were caused by defendants' departure from accepted practice (Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]). Plaintiffs' expert opined that the standard of care required emergency room physicians to, among other things, order an oncology consult when a patient reported a history of pancreatic cancer, which defendants did not do, thus raising an issue of fact as to whether they departed from accepted practice (see Florio v Kosimar, 79 AD3d 625, 626 [1st Dept 2010]).
On the issue of causation, plaintiffs' expert further opined that it was a departure for Dr. Winograd not to confirm that plaintiff had stage IV pancreatic cancer before referring him to hospice, where plaintiff remained for over 18 months under the false premise that he required end of life care. The record supports plaintiffs' contention that but for this incorrect diagnosis, plaintiff would not have been allowed in hospice, where he allegedly suffered mental anguish, chemical dependency, and other injuries (see Malone v Kim, 96 AD3d 477 [1st Dept 2012]).
Summary judgment dismissing the loss of consortium claim was properly denied. The fact that plaintiffs had not lived together since 1991 did not entitle [*2]defendants to judgment as a matter of law (see Rakich v Lawes, 186 AD2d 932, 934-935 [3d Dept 1992]). Mrs. Candelario testified that despite living apart plaintiffs continued to provide each other with practical and emotional support, affection, and companionship sufficient to articulate a loss of consortium claim based on plaintiff's alleged misdiagnosis and resulting hospice stay (see Millington v Southeastern El. Co., 22 NY2d 498, 502 [1968]).
Summary judgment dismissing plaintiff's cause of action for negligent infliction of emotional distress was also properly denied. Plaintiff's claimed emotional anguish was a direct result of defendants' alleged misdiagnosis of stage IV pancreatic cancer resulting in plaintiff's transfer to hospice, during which he believed that he only had months to live (see Schulman v Prudential Ins. Co. of Am., 226 AD2d 164, 164 [1st Dept 1996]; see also Ferrara v Galluchio, 5 NY2d 16, 20-21 [1958]).
We have considered defendants' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2024