Sanabria v Brisman (2024 NY Slip Op 51755(U))

[*1]

Sanabria v Brisman

2024 NY Slip Op 51755(U)

Decided on December 24, 2024

Civil Court Of The City Of New York, New York County

Li, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 24, 2024
Civil Court of the City of New York, New York County

Sanabria, Plaintiff,

against
Brisman D.M.D., Defendant.

Index No. CV-012667-23/NY

Plaintiff: Pro se
Defendant's counsel:
RAWLE & HENDERSON LLP
170 Old Country Road
Suite 215
Mineola, NY 11501

Wendy Changyong Li, J.

I. Recitation of the papers considered in the review of this Motion as required by CPLR 2219(a)
Upon reading Defendant's Motion to Dismiss ("Motion"), and Plaintiff's Affirmation in Opposition ("Opposition"), together with all supporting documents, Defendant's Motion is decided as follows.
II. Background
On September 22, 2023, Plaintiff commenced the instant action for money damages in the amount of $50,000 with interest from September 20, 2022 for alleged dental malpractice by [*2]Defendant. In its Complaint, Plaintiff claimed: "Failure to provide proper service; Failure to pay for goods sold and delivered; Breach of contract; Loss of time from work; Dental implants (Top and bottom), Mental health/Stress unable to eat and clean properly". Defendant joined the action by filing an answer denying all claims. On July 24, 2024, Defendant filed the instant Motion seeking to dismiss Plaintiff's complaint in its entirety, alleging that (1) pursuant to CPLR 3211, Plaintiff failed to establish a prima facie case of dental malpractice and failed to provide expert witness disclosure; and that (2) Plaintiff failed to prove a breach of contract claim. Plaintiff opposed. The Motion was submitted on October 22, 2024 to another court and subsequently assigned to this Court for a determination.
III. Discussion
"On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction" (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]). The facts alleged are presumed to be true, the plaintiff is afforded the benefit of every possible favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory (see Leon, 84 NY2d 83, 87-88 [1994]; Amaro v Gani Realty Corp., 60 AD3d 491, 493, 876 NYS2d1 [1st Dept 2009]). "Plaintiff may not be penalized for failure to make an evidentiary showing in support of a complaint that states a claim on its face" (see Rovello v Orofino Realty Co., 40 NY2d 633, 635, 357 NE2d 970, 389 NYS2d 314 [1976]). Here, as Defendant moved to dismiss the action pursuant to CPLR 3211, this Court is limited to an examination of Plaintiff's pleadings to determine whether they state a cause of action (see Miglino v Bally Total Fitness of Greater NY, Inc., 20 NY3d 342, 351, 985 NE2d 128, 961 NYS2d 364 [2013]).
To sustain a cause of action for medical [or dental] malpractice, a plaintiff must prove two essential elements: (1) a deviation or departure from accepted practice, and (2) evidence that such departure was a proximate cause of plaintiff's injury (see Frye v Montefiore Med. Ctr., 70 AD3d 15, 24, 888 NYS2d 479 [1st Dept 2009]; Roques v Noble, 73 AD3d 204, 206 [1st Dept 2010]; Florio v Kosimar, 79 AD3d 625, 625 [1st Dept 2010]).
Here, Plaintiff contended that Defendant made several mistakes in the process of making Plaintiff's dental implants and dentures, and that "[Defendant] told [Plaintiff] [that] the final [version of the implants] cracked upon being delivered to [Defendant]" (see Opposition). Plaintiff also stated in the Opposition that "one of [Plaintiff's] front tooth came out" while eating and that "[Plaintiff's] tooth fell out several times more", leaving Plaintiff to resort to using a "[D]entemp [R]epair [K]it to keep [Plaintiff's] teeth in place" (id.).
While in the context of a medical or dental malpractice action, an affidavit or affirmation of merit from an expert is generally required, Plaintiff's allegations, on its face, stated a cause of action as it raised the question of whether Defendant departed from good and accepted practice in Defendant's treatment provided to Plaintiff. In its answer and Motion, Defendant denied Plaintiff's allegations, leading to an issue of fact being raised. Defendant also failed to submit any evidence in support of the Motion, such as affirmations from experts providing evidence that Defendant did not deviate from the relevant standard of care in the subject matter. As such, the question of whether Defendant departed from good and accepted practice, and whether Defendant was the proximate cause of Plaintiff's injury still remain to be determined, and to dismiss the instant action at this stage would be premature. "Whether [Plaintiff] can ultimately establish [Plaintiff's] allegations is not part of the calculus in determining a motion to dismiss" (see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19, 832 N.E.2d 26, 799 N.Y.S.2d 170 [2005]).
However, with regard to Plaintiff's breach of contract claim arising from the rendition of medical services, unless there had been an "express special promise" by Defendant to Plaintiff to "effect a cure or to accomplish some definite result", such claim will not withstand the test of legal sufficiency, and will be considered a redundant pleading of a malpractice claim (see Winegrad v Jacobs, 171 AD2d 525, 567 NYS2d 249 [1st Dept 1991]; see also Scalisi v New York Univ. Med. Ctr., 24 AD3d 145, 147, 805 N.Y.S.2d 62 [1st Dept 2005]; Leighton v Lowenberg, 103 AD3d 530, 960 NYS2d 87 [1st Dept 2013]). Here, Plaintiff failed to show that Defendant expressed a specific promise to accomplish some definite result. As such, Plaintiff's breach of contract claim is legally redundant of a malpractice claim and is dismissed.
In addition, Plaintiff's claim that Defendant failed to pay for goods sold and delivered is dismissed as the instant action is essentially a dental malpractice claim, and there was no indication in the Complaint that there was a contract between Plaintiff and Defendant for Defendant to sell and deliver goods.
IV. Order
Accordingly, it is
ORDERED that Defendant's Motion is PARTIALLY GRANTED to the extent that Plaintiff's claims for breach of contract and failure to pay for goods sold and delivered are dismissed; and it is further
ORDERED that other branches of Defendant's Motion are DENIED, and this matter shall proceed to trial on the rest of Plaintiff's claims.
This constitutes the DECISION and ORDER of this Court.
Dated: December 24, 2024
New York County
Honorable Wendy Changyong Li, J.C.C.