Stuckey v City of New York

2026 NY Slip Op 02806

May 5, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Paul Stuckey, Plaintiff-Appellant,

v

The City of New York, et al., Defendants-Respondents, John Doe etc., et al., Defendants.

Decided and Entered: May 05, 2026

Index No. 309691/11|Appeal No. 6548|Case No. 2025-03490|

Before: Manzanet-Daniels, J.P., Kapnick, Rodriguez, Pitt-Burke, O'Neill Levy, JJ.

G. Wesley Simpson PC, Brooklyn (G. Wesley Simpson of counsel), for appellant.

Muriel Goode-Trufant, Corporation Counsel, New York (Bo Malin-Mayor of counsel), for respondents.

[*1]

Order, Supreme Court, Bronx County (Myrna Socorro, J.), entered on or about February 19, 2025, which, to the extent appealed, denied plaintiff's motion to strike defendants' answer and/or preclude defendants from testifying and presenting evidence at trial, subject to renewal if defendant Christopher Baumann failed to appear for his deposition within the time specified in the order, unanimously affirmed, without costs.

Defendant City's argument that plaintiff failed to strictly comply with 22 NYCRR 202.7 (c) is unpreserved, and in any case unavailing. Under the circumstances of this case, service of an affidavit of good faith would have been futile (see Northern Leasing Sys., Inc. v Estate of Turner, 82 AD3d 490, 490 [1st Dept 2011]).

Supreme Court providently exercised its discretion in declining to exercise the "extreme sanction" of striking the answer or otherwise precluding testimony (Paz v City of New York, 38 AD3d 269, 270 [1st Dept 2007]; see Figueroa v City of New York, 129 AD3d 596, 597 [1st Dept 2015]). The record before the motion court reflected that the City failed to comply with two discovery orders, one of which was issued in 2017, and another in 2023. This six-year gap in activity in the case weighs against the requested sanction (see Zouev v City of New York, 32 AD3d 850, 851 [2d Dept 2006]). Moreover, the court did not abuse its discretion, since defendants' conduct did not rise to the level of willful, contumacious or bad faith noncompliance (see Paz, 38 AD3d at 270).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 5, 2026