■ JOSEPH C. FLORES, Respondent, v. MOSLER SAFE COMPANY, Appellant. — Order, entered on March 28, 1962, granting plaintiff's motion to vacate that part of an order entered on October 2, 1961, which had dismissed the complaint for failure to prosecute, unanimously affirmed, but with $20 costs and disbursements to the appellant and on condition that respondent pays to appellant $50 additional costs within 10 days after service of a copy of the order herein, with notice of entry. Concur — Botein, P. J., Breitel, Valente, McNally and Eager, JJ.

■ MIGUEL RAMOS, Respondent, v. S. PETER SHUMAVON et al., Doing Business as SHUMAVON & BUCKLEY, Appellants, et al., Defendant.— Order, entered on December 13, 1961, granting to plaintiff discovery and inspection of certain documents, unanimously reversed, on the law, on the facts and in the exercise of discretion, with $20 costs and disbursements to defendants-appellants, and the motion therefor denied, without prejudice to renewal upon completion of the examination before trial. (*City Messenger Serv. of Hollywood* v. *Powers Photoengraving Co.*, 7 A D 2d 213.) Concur — Botein, P. J., Breitel, Valente, McNally and Eager, JJ.

■ MARIA PAPAJOHN, as Administratrix of the Estate of PAUL PAPAJOHN, Deceased, Appellant, v. MICHAEL A. MICHAEL et al., Respondents.— Order, entered June 7, 1961, enforcing the stipulation of settlement purportedly made in open court, unanimously reversed, on the law and the facts, and in the exercise of discretion, and said order vacated, with $10 costs and disbursements to the appellant. Order, entered February 16, 1962, denying appellant's motion to vacate such stipulation unanimously reversed, on the law and the facts, and in the exercise of discretion, and said motion granted, without prejudice to such plenary action as respondents may be advised to bring based on any agreement of settlement otherwise made, with $10 costs and disbursements to appellant. The purported settlement which appellant moved to vacate was made in open court during the pendency of the litigation. In such circumstances it may be set aside on motion in a proper case (*Yonkers Fur Dressing Co.* v. *Royal Ins. Co.*, 247 N. Y. 435, 445), and should be set aside in the present case, and the order enforcing it should be vacated, since it is evident from appellant's testimony that she was dissatisfied with the settlement and did not express agreement in open court with its terms. If respondents believe that the parties made a binding settlement agreement dehors the court proceedings which appellant breached, a plenary action is their remedy. Concur — Botein, P. J., Breitel, Valente, McNally and Eager, JJ.

■ LANT S. ABERNATHY, Respondent, v. ANNA F. ABERNATHY, Appellant. — Order, entered on July 13, 1962, unanimously affirmed, with $20 costs and disbursements to respondent. No opinion. Concur — Rabin, J. P., McNally, Stevens, Eager and Bergan, JJ.

■ JULES REINER, Doing Business as REINER REALTY Co., Appellant, v. ROBERT H. ELLINGER et al., Respondents.— Order and judgment unanimously affirmed, with costs to respondents. No opinion. Concur — Rabin, J. P., McNally, Stevens, Eager and Bergan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SERGIO RIOS, Appellant.— Judgment of conviction unanimously affirmed. No opinion. Concur — Rabin, J. P., McNally, Stevens, Eager and Bergan, JJ.