■ THOMAS McGUFFIN, Appellant, v PORT OF NEW YORK AUTHORITY et al., Respondents.—Order of the Supreme Court, New York County, entered in the office of the clerk on or about May 25, 1976 denying plaintiff's motion to vacate an order of settlement and discontinuance and to restore the action to the Trial Calendar, unanimously reversed, on the law, on the facts

and in the exercise of discretion, and said order of settlement and discontinuance is vacated and the case is restored to the Trial Calendar, without costs and without disbursements. We find Special Term improvidently denied plaintiff's motion. the injuries herein occurred November 26, 1969 when plaintiff was an infant. By the time of trial plaintiff had attained his majority. When the case was marked settled in court on January 3, 1973 plaintiff was not present. By motion made November 21, 1975 plaintiff sought to vacate the settlement claiming he was not present at the time, had no knowledge that the trial "was going on", was never consulted about a settlement figure in advance and that at no time did he consent to the settlement of which he learned only belatedly. Although plaintiff's counsel at the time of settlement asserted authority to settle the case, the defendants, on this motion by plaintiff to vacate the settlement, have failed as required to come forward with proof that plaintiff's attorney was so authorized (*Silver v Parkdale Bake Shop,* 8 AD2d 607). Because the settlement was made in open court it could appropriately be set aside by motion (see *Papajohn v Michael,* 17 AD2d 803). We find, further, that vacatur of the settlement is not barred by laches inasmuch as plaintiff's absence from his home was protracted and his precise location was unknown to his parents; all of which constitutes a credible explanation for his delay in moving to vacate the settlement. We do not find that defendant will be prejudiced. The record fails to disclose, as asserted by defendant, that there was a witness, who is now unavailable to defendant. Concur—Murphy, P. J., Lupiano, Birns and Capozzoli, JJ.