■ CHRISTINE STEFANIW et al., Respondents, v ANTHONY CERRONE, Appellant.—In a dental malpractice action, the defendant appeals from an order of the Supreme Court, Nassau County (Harwood, J.), dated January 28, 1986, which granted the plaintiffs' motion to strike the defendant's second affirmative defense.

Ordered that the order is affirmed, with costs.

The court did not err in granting the plaintiffs' motion to strike the defendant's second affirmative defense, asserting the Statute of Limitations, based upon the parties' written stipulation which extended the defendant's time to answer the complaint on the condition that all affirmative defenses were waived. Although the stipulation was not actually signed by

the defendant *(see,* CPLR 2104), it was prepared by the defendant's attorney and proffered to the plaintiffs' attorney. The plaintiffs' attorney executed the stipulation without modification and returned it to the defendant's attorney. Under these circumstances, we conclude that the terms of the stipulation are binding upon the defendant despite the absence of the defendant's signature or that of his attorney *(cf., Klein v Mount Sinai Hosp.,* 61 NY2d 865). Mollen, P. J., Mangano, Brown and Lawrence, JJ., concur.