■ WARREN COLE, Appellant-Respondent, v HARRY MACKLOWE, Respondent-Appellant. [836 NYS2d 568]—

Judgment, Supreme Court, New York County (Marylin G. Diamond, J.), entered June 15, 2006, after a nonjury trial, denying enforcement of a 1996 agreement and 1998 addendum with regard to a percentage interest in specified properties, but holding that plaintiff was entitled to purchase from defendant "an" apartment "at cost" in a specified development, and awarding plaintiff a bonus in the principal amount of $565,000, unanimously modified, on the law, the agreement and addendum are held to constitute an enforceable contract, defendant directed to sell plaintiff apartment 7B at 145 East 76th Street at the previously contracted price, the monetary award vacated, the matter remanded for redetermination of damages under the contract, and otherwise affirmed, with costs in favor of plaintiff. Appeal from order, same court and Justice, entered on or about January 3, 2006, unanimously dismissed, without costs.

The parol evidence rule bars admission of extrinsic evidence to contradict or vary the terms of a written contract intended to embody the agreement between the parties. However, parol evidence may be offered to clarify ambiguities (*Stage Club Corp. v West Realty Co.*, 212 AD2d 458, 459 [1995]) or show that it was not the parties' intention to enter into an enforceable contract (*Savage Realty Co., Inc. v Lust*, 203 App Div 55, 57 [1922]).

However, "while in some circumstances parol evidence may be introduced to show that it was the intention of the parties not to enter into an enforcible contract, that principle is predicated on proof of the intention of the parties that the entire contract was to be a nullity, not as here that only certain provisions of the agreement were not to be enforced" (*Bersani v General Acc. Fire & Life Assur. Corp.*, 36 NY2d 457, 461 [1975]; *see also Happy Dack Trading Co., Ltd. v Agro-Industries, Inc.*, 602 F Supp 986, 992 [SD NY 1984]).

Here, the court found that paragraph 4 of the 1998 addendum, in which defendant agreed to sell plaintiff an apartment at 145 East 76th Street at "no cost," was enforceable. In fact, defendant admitted that when he signed the addendum, he understood that by doing so he was bound to sell the apartment. Thus, parol evidence should not have been used to negate other portions of the contract, on the ground that it was defendant's intention only to be bound by paragraph 4.

Moreover, even looking at the parol evidence, it cannot be said that defendant did not intend to be bound until a more formal agreement was completed, or that plaintiff must have so understood (*Reprosystem, B.V. v SCM Corp.*, 727 F2d 257, 261 [2d Cir 1984], *cert denied* 469 US 828 [1984]; *V'Soske v Barwick*, 404 F2d 495, 499 [2d Cir 1968], *cert denied* 394 US 921 [1969]). The best evidence of the parties' intentions is the writings themselves, and the 1996 agreement and the 1998 addendum are unequivocal as to the material terms (*see generally W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 163 [1990]). While defendant sought to create either a partnership or a limited liability corporation in which defendant's interests would be held, the documents unambiguously stated that such interests already existed, and clearly set out the percentages of such interests and in what projects. "[T]he mere fact that the parties contemplate memorializing their agreement in a formal document does not prevent their informal agreement from taking effect prior to that event" (*V'Soske*, 404 F2d at 499).

Not only is the language of the 1996 agreement and 1998 addendum unambiguous, but there is no reservation of any right not to be bound. The court incorrectly found that defendant had made certain notes on the addendum indicating his concerns. In fact, the handwritten notes were on a draft and defendant thereafter signed a clean copy without any such reservations. While defendant also testified that he anticipated that certain conditions were necessary, such as defendant's ability to continue to "pool" the funds from his various investments so as to be able to use profits from one investment to pay expenses or

losses from another, this was dealt with in the addendum, in which it was stated that any percentage of profits due plaintiff but not paid would be considered loans from plaintiff to defendant. Thus, defendant could continue to pool his funds, but would incur a debt to plaintiff for his share of those profits.

Contrary to defendant's assertions and the court's findings, the 1996 agreement and the 1998 addendum do not lack any essential terms. While defendant may have subjectively desired further terms, he admitted that he never told plaintiff that the interests that appear to have unequivocally been granted to plaintiff by these documents would not exist until plaintiff agreed to further conditions. Defendant's subjective desire for further terms is irrelevant given that these documents are unambiguous (*see Reiss v Financial Performance Corp.*, 97 NY2d 195, 198 [2001]; *Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.*, 78 NY2d 88, 91-92 [1991]; *Cobble Hill Nursing Home v Henry & Warren Corp.*, 74 NY2d 475, 482-483 [1989], *cert denied* 498 US 816 [1990]).

The record also contains evidence that defendant, on at least one other occasion, granted interests of this sort to plaintiff and members of his family with similarly abbreviated documents. There is also evidence in the record of part performance under these documents: payment of a loan of $598,000 described in the 1996 agreement, and distribution of profits from at least one property listed in that agreement. When asked if this distribution was made to plaintiff because defendant had promised him an interest in this property, defendant agreed that plaintiff had an interest "in the profits derived from that transaction." Moreover, plaintiff and defendant's wholly owned company went to contract on the apartment that defendant admitted he was obliged to sell pursuant to the 1998 addendum, but did not close because when the parties' relationship deteriorated, defendant was no longer "sufficiently motivated to do so." The record, taken as a whole, supports the conclusion that these writings were meant to constitute a binding contract (*Adjustrite Sys., Inc. v GAB Bus. Servs., Inc.*, 145 F3d 543, 549 [2d Cir 1998]). Accordingly, the matter is remanded for a determination of damages, including any associated with the "Coolidge" investments. While the court found that these investments did not generate any profits, that determination was premature, given that this trial is bifurcated and plaintiff has not had an opportunity to present evidence of damages.

Moreover, as defendant is obliged to sell an apartment at 145 East 76th Street to plaintiff "at cost," and as plaintiff and defendant's wholly owned company have already gone to

contract on a specific apartment (7B), on which plaintiff has undisputably expended substantial sums in renovation, it is directed that plaintiff is entitled to purchase that apartment under the price set in the prior purchase agreement. We reject defendant's statute of frauds arguments in light of defendant's admission that he agreed to this sale (see *Matisoff v Dobi*, 90 NY2d 127, 134 [1997]); the statute was not enacted to enable defendants to interpose it as a bar to a contract fairly and admittedly made (*Morris Cohon & Co. v Russell*, 23 NY2d 569, 574 [1969]). Moreover, although the property is owned by defendant's wholly owned company, this will not shield defendant from his obligations, inasmuch as he is, as the trial court found, the real party in interest.

Finally, plaintiff's arguments regarding the court's failure to apply statutory interest to the $565,000 award, which the court found was an enforceable bonus, are academic, as this amount is expressly dealt with in the contract, and is now the subject of the damages portion of the trial. Concur—Saxe, J.P., Friedman, Marlow, Sullivan and McGuire, JJ.