RAYMOND C. WRONKA, Plaintiff, v GEM COMMUNITY MANAGEMENT et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. FARM FAMILY CASUALTY INSURANCE COMPANY, Third-Party Defendant-Appellant-Respondent. [854 NYS2d 474]—

The plaintiff slipped on ice on a walkway on property owned by Hillside Village Condominium Association (hereinafter Hillside) and managed by GEM Community Management (here-

inafter GEM), and commenced this action against them. GEM and Hillside then commenced a third-party action against Keller Equipment Rental & Sales West, Inc. (hereinafter Keller), the contractor responsible for snow and ice removal on the property, and Keller's insurer, Farm Family Casualty Insurance Company (hereinafter Farm Family), for contractual indemnification and to recover the defense costs incurred in the main action pursuant to the terms of Farm Family's liability insurance policy. GEM and Hillside are additional insureds on the Farm Family policy. By order dated July 6, 2005, the court granted Keller's motion for summary judgment dismissing the third-party complaint insofar as asserted against it.

The Supreme Court erred in granting that branch of the motion of GEM and Hillside which was to direct Farm Family to pay, pursuant to the terms of its liability insurance policy, the defense costs incurred in the main action prior to July 6, 2005. The claims against Keller have been dismissed. Farm Family may properly deny coverage pursuant to the terms of its liability insurance policy since it has been determined that the injuries did not result from a covered accident (*see Central Gen. Hosp. v Chubb Group of Ins. Cos.,* 90 NY2d 195 [1997]; *Town of Oyster Bay v Employers Ins. of Wausau,* 269 AD2d 387 [2000]).

That branch of the motion of GEM and Hillside which was for leave to amend the third-party complaint to add a cause of action alleging breach of contract against Farm Family should have been granted. Leave to amend shall be granted freely upon such terms as may be just (*see* CPLR 3025 [b]). Here, GEM and Hillside did not unreasonably delay in seeking leave to amend, and no prejudice to Farm Family has been shown (*see Santori v Met Life,* 11 AD3d 597 [2004]; *cf. Haller v Lopane,* 305 AD2d 370 [2003]).

Furthermore, upon amendment of the third-party complaint to assert a cause of action alleging breach of contract, GEM and Hillside were entitled to summary judgment as to that cause of action. Farm Family failed to raise an issue of fact in response to GEM and Hillside's showing of prima facie entitlement to judgment as a matter of law that Farm Family agreed to share the costs of the defense in the main action. When parties enter into a preliminary agreement, anticipating that a more formal contract will be executed later, the contract is enforceable if it embodies all the essential terms of the agreement (*see Pescatore v Manniello,* 19 AD3d 571 [2005]; *Sabetfard v Djavaheri Realty Corp.,* 18 AD3d 640 [2005]). Furthermore, an exchange of correspondence between counsel may constitute a binding stipulation pursuant to CPLR 2104 (*see Roberts v Stracick,* 13 AD3d 1208

[2004]; *Gaglia v Nash,* 8 AD3d 992 [2004]). Here, the material terms of the stipulation were set forth in a letter from counsel for Farm Family to counsel for GEM and Hillside dated May 4, 2005, and confirmed in a reply from counsel for GEM and Hillside to counsel for Farm Family dated May 26, 2005. Farm Family now seeks to avoid enforcement of the terms that Farm Family itself proposed (*see Stefaniw v Cerrone,* 130 AD2d 483 [1987]). We conclude that the exchange of correspondence presented here was sufficient to constitute an enforceable stipulation in the third-party action.

The parties' remaining contentions are without merit. Spolzino, J.P., Florio, Angiolillo and Dickerson, JJ., concur.