■ RICHARD A. WILLIAMSON, ESQ., as Successor Liquidating Trustee of LIPPER FIXED INCOME FUND, L.P., Appellant, v RON DELSENER, Respondent, et al., Defendants. [874 NYS2d 41]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered November 13, 2007, to the extent it denied plaintiff's motion for judgment on a negotiated settlement, unanimously reversed, on the law, with costs, and plaintiff awarded against defendant Delsener the principal amount of $84,868.20, plus statutory interest from December 12, 2006. The Clerk is directed to enter judgment accordingly.

The e-mails exchanged between counsel, which contained their printed names at the end, constitute signed writings (CPLR 2104) within the meaning of the statute of frauds (see Stevens v Publicis S.A., 50 AD3d 253, 255-256 [2008], lv dismissed 10 NY3d 930 [2008]), and entitle plaintiff to judgment (CPLR 5003-a [e]). The agreement to settle at 60% of the amount demanded was sufficiently clear and concrete to constitute an enforceable contract (see Hostcentric Tech., Inc. v Republic Thunderbolt, LLC, 2005 WL 1377853, 2005 US Dist

LEXIS 11130 [SD NY 2005]). Delsener's subsequent refusal to execute form releases and a stipulation of discontinuance did not invalidate the agreement (*see Wronka v GEM Community Mgt.*, 49 AD3d 869 [2008]; *Cole v Macklowe*, 40 AD3d 396 [2007]).

The e-mail communications indicate that Delsener was aware of and consented to the settlement; the record contains no indication to the contrary, or that counsel was without authority to enter into the settlement (*see Hallock v State of New York*, 64 NY2d 224 [1984]; *cf. Katzen v Twin Pines Fuel Corp.*, 16 AD3d 133 [2005]). To the contrary, the record supports only the conclusion that counsel at least had apparent authority.

We find no merit to Delsener's argument that this Court lacks jurisdiction to hear this appeal. Concur—Andrias, J.P., Sweeny, McGuire and DeGrasse, JJ. [*See* 2007 NY Slip Op 33632(U).]