■ WARREN COLE, Appellant, v HARRY MACKLOWE, Respondent. [882 NYS2d 417]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered February 25, 2009, which denied plaintiff's motion for partial summary judgment, granted defendant's cross motion for partial summary judgment, and declared that the measure of damages for defendant's breach of contract was the distributions withheld from plaintiff before the date of breach (identified as September 1999) and the value of plaintiff's interests based on market conditions as of that date, unanimously modified, on the law, plaintiff's motion granted to the extent of ordering immediate entry of partial summary judgment in his favor in the principal amount of $3,395,000, plus interest at 9% from May 1, 1999, and declaring that the breach occurred in April 1999, and otherwise affirmed, without costs.

In a prior decision (40 AD3d 396 [2007]), we remanded for a determination of damages under the parties' contract. Damages for breach of contract are ordinarily ascertained as of the date of the breach (*Brushton-Moira Cent. School Dist. v Thomas Assoc.*, 91 NY2d 256, 259, 261 [1998]), not the date of trial. "[A] contract is not breached until the time set for performance has expired" (*Rachmani Corp. v 9 E. 96th St. Apt. Corp.*, 211 AD2d 262, 265 [1995]). In this case, the parties' agreement did not set a time for performance, except that defendant was obligated to document fully plaintiff's interests as soon as reasonably possible upon his return from vacation, approximately August 1, 1996.

Under the circumstances, we find that defendant breached the parties' contract in April 1999 when he indicated to plaintiff that he did not consider the agreement binding. His repudiation of the contract was an actionable breach (*see Baer v Durham Duplex Razor Co.*, 228 App Div 350, 352-353 [1930], *affd* 254 NY 570 [1930]).

Further, since the breach involved "the deprivation of an item with a determinable market value, the market value at the time of the breach is the measure of damages" (*Sharma v Skaarup Ship Mgt. Corp.*, 916 F2d 820, 825 [2d Cir 1990], *cert*

*denied* 499 US 907 [1991], citing *Simon v Electrospace Corp.*, 28 NY2d 136, 145 [1971]). One component of plaintiff's damages was, as the motion court found, the value of his interests as of the date of breach, which will include the value of the distributions that plaintiff should have received since the date of breach, including distributions that have not yet been made (*see Sharma*, 916 F2d at 826).

The other component of damages, for which defendant concedes he is liable, is the distributions withheld from plaintiff before the date of breach, in the principal sum of $3,395,000. Plaintiff is entitled to interest at 9% from the date of breach (CPLR 5001, 5004). As noted, defendant breached the parties' contract in April 1999. Since defendant indicated he did not think the parties' agreement was binding, plaintiff did not have to specifically request repayment of the $3,395,000 mentioned in the agreement. "The law requires no one to do a vain thing" (*Strasbourger v Leerburger*, 233 NY 55, 60 [1922]). Since the record does not indicate exactly when in April defendant breached, and because plaintiff requests interest only from May 1, 1999, we award interest from that date.

We have considered plaintiff's remaining argument and find it unavailing. Concur—Tom, J.P., Friedman, Nardelli, Buckley and Abdus-Salaam, JJ. [*See* 2009 NY Slip Op 30410(U).]