OPINION OF THE COURT
Andrew G. Tarantino, Jr., J.
Nature of the Motion
Plaintiff moves this court, pursuant to Civil Practice Law and Rules § 3404, to restore this action to the trial calendar after having notified the court that the action had settled before trial.
History
This is a personal injury action following a motor vehicle accident in August 2007. On June 21, 2011, the action was transferred to this court for trial, pursuant to Civil Practice *1017 Law and Rules § 325 (d). Trial was scheduled for October 25, 2011. Trial was then adjourned to December 9, 2011, and again to March 21, 2012, because one of the plaintiffs was having surgery. On March 9, 2012, based upon defendant’s attorney’s request, trial was adjourned until March 27, 2012. On March 23, 2012, because plaintiff was again having surgery connected to the subject injury, the trial was adjourned until June 20, 2012. On June 18, 2012, after not having received the surgeon’s reports, the trial was again adjourned to August 6, 2012. The court marked the trial as “final” and all parties were directed to be prepared to proceed on that date. On August 6, 2012, the court received a telefax from, and signed by, plaintiffs counsel which read, “This letter shall serve to confirm that the above referenced matter has been settled for the sum of $25,000 for Plaintiff Lopez and the sum of $5,000.00 for Plaintiff Poitan.”
Basis of the Motion
Plaintiff moves to restore the matter to the calendar pursuant to CPLR 3404. In support of the motion were an attorney’s affirmation and plaintiffs affidavit. Plaintiff stated, “As a result of the accident, I sustained severe and debilitating injuries as follows: medial retinacular injury, contusion, bursitis, left knee, disc bulge at L2-3, L4-5, both encroaching upon the thecal sac, with radiculitis sprain and strain of the lumbar spine, left hip bursitis, muscle spasm,” and “I believe I have a meritorious claim and respectfully request that this Court permit my claim to proceed, as I am ready, willing and able to proceed to trial.” Plaintiff’s counsel affirmed that “[u]pon conferring with Plaintiff, Plaintiff indicated that she would accept said offer of settlement,” “[t]he court was notified off the record, that the case was settled for $5,000.00,” “[a]fter [notifying the court], Plaintiff and [plaintiff’s attorney] had further discussions regarding the settlement, at which point it became clear that Plaintiff Poitan did not have a full understanding of the settlement offer,” “[i]t was Plaintiffs misunderstanding that the offer was net to Plaintiff, as opposed to gross,” and “Plaintiff Poitan now rejects said settlement offer as insufficient.” Defendant’s attorney opposed the motion.
On December 21, 2012, at the court’s direction, both attorneys appeared to discuss settlement of the motion. Because the motion was based upon the plaintiffs misunderstanding between “gross” and “net,” the financial difference to the plaintiff was about $1,650, or the attorney’s contingent fee on the $5,000 *1018 settlement. The court asked counsel to explore other means to accommodate that difference. No settlement was reached, so the court decides the motion as follows.
Analysis
Two issues are presented on this motion:
1. Whether a trial should be restored to the calendar because the plaintiff misunderstood the difference between “gross” and “net” proceeds after she accepted the defendant’s offer to settle for a sum certain and after she notified the court in writing that she accepted the offer?
2. Whether an attorney’s signed letter of settlement to the court binds the client to its terms?
To address these issues, the court analyzed CPLR 3404 and 2104. CPLR 3404 states, “A case in the supreme court or a county court marked ‘off’ or struck from the calendar or unanswered on a clerk’s calendar call, and not restored within one year thereafter, shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute.” The other, CPLR 2104, states,
“An agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered.”
The court finds that CPLR 3404 does not apply. Virtually all of the decisional law under this section involved cases that were struck or marked off the calendar because a party did not appear. In fact, the section is captioned “Dismissal of abandoned cases.” (Emphasis added.) The case herein was settled not abandoned which may account for the paucity of decisional law addressing “change of mind” situations such as is presented herein. The court’s interpretation is supported by cases such as Kamara v Ambert (89 AD3d 612 [1st Dept 2011]), relied upon by plaintiff. That Court stated, “A party seeking to have a case restored to the trial calendar must demonstrate a meritorious cause of action, a reasonable excuse for the delay, a lack of intent to abandon the action and the absence of prejudice to the opposing party.” It would seem illogical to require a movant to demonstrate a lack of intent to abandon an action that has been settled. No one would remotely view a settled case as abandoned. Therefore, the Kamara four-pronged test simply was not meant to apply to a case such as this.
*1019 Assuming arguendo that CPLR 3404 did apply, the court finds that plaintiffs motion still failed. First, there was no showing of a meritorious cause of action. It is statutory that a litigant must establish a “serious” injury, as defined in Insurance Law § 5102, in order to recover for pain and suffering following a motor vehicle accident. And not every injury is a “serious” injury. For example, even a diagnosis of a bulging or herniated disc, by itself, does not constitute a serious injury. (See Manzano v O’Neil, 285 AD2d 966 [4th Dept 2001], revd on other grounds 98 NY2d 345 [2002]; Scudera v Mahbubur, 39 AD3d 620 [2d Dept 2007].) It is well established that the injured party must show more, such as a comparative determination of the degree or qualitative nature of an injury based on the normal function, purpose and use of the body part. (See Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002].) In her affidavit, plaintiff merely set forth a list of alleged injuries including disc bulges. She did not offer any proof, such as a comparative determination of the injuries or a description of the impact on her daily routine, which would have assisted the court in evaluating the merits of her action. The court must also surmise that the plaintiff and her attorney accepted the $5,000 settlement only after counsel determined the “value” of the case. Lastly, misunderstanding “gross” proceeds with “net” does not establish a meritorious action. Next is whether plaintiff had a reasonable excuse for the delay. Here, again, the case was not marked “off’ or dismissed because of plaintiffs failure to appear or prosecute. The court sees no basis even for inquiry into this prong. Next is whether plaintiff demonstrated a lack of intent to abandon the action. In actuality, the plaintiff intended to settle the case and the question of abandonment is hardly a consideration. Finally, contrary to plaintiffs contention, the defendant would be prejudiced if this trial was restored to the calendar. After weighing its options, defendant offered plaintiff $5,000 which plaintiff accepted in a writing signed by her attorney. Considering that this motion stems from plaintiffs misunderstanding between “gross” and “net” proceeds, or $1,650 in this case, the defendant could be liable after trial for a significantly higher award to the plaintiff. Under these circumstances, the prejudice to the defendant in granting this motion far outweighs the prejudice to the plaintiff if the motion was denied.
The court distinguishes this case from that in McGuffin v Port of N.Y. Auth. (58 AD2d 793 [1st Dept 1977]). In that case, the litigant was not aware the trial was “going on” and was *1020 never consulted about a settlement figure before the attorney agreed to it. In this case, the settlement was proffered to the plaintiff before trial which she then accepted before notifying the court. The Court in McGuffin restored the trial to the calendar finding that the defendant did not prove that plaintiffs counsel was authorized to settle. However, the Court of Appeals in a later decision provided guidance that attorneys have apparent authority to settle by virtue of the attorney-client relationship. (See Hallock v State of New York, 64 NY2d 224 [1984].) In the present case, the circumstances were quite opposite. Plaintiffs counsel affirmed, “An offer of settlement was proffered to Plaintiff in the sum of $5,000.00. Upon conferring with Plaintiff, Plaintiff indicated that she would accept said offer of settlement.” Also distinguishable is the most recent case, Gyabaah, wherein the First Department held that a party was not bound by a settlement that never took effect. (Gyabaah v Rivlab Transp. Corp., 102 AD3d 451 [1st Dept 2013].) In that case the plaintiffs acceptance was never communicated to the defendant. In the present case, the acceptance was communicated.
The court finds that CPLR 2104 is the more applicable statute herein. Plaintiffs counsel characterized the situation as “the court was notified off the record.” A more appropriate characterization is that the court was notified in writing by plaintiffs counsel that the action was settled. The court finds that plaintiffs counsel had the apparent authority to settle the action on plaintiffs behalf. (See Hallock v State of New York, 64 NY2d 224 [1984].) An agreement negotiated through email to settle a dispute for 60% of the amount demanded was sufficiently clear and concrete to constitute an enforceable contract. (Williamson v Delsener, 59 AD3d 291 [1st Dept 2009].) It is well settled policy of all the courts of the State of New York to encourage agreements of compromise and settlement; therefore a stipulation of settlement will not be set aside absent a showing of such good cause as would invalidate a contract. (American Express Travel Related Servs., Inc. v Vassall, 27 Misc 3d 1217[A], 2010 NY Slip Op 50779[U] [2010].) Such good cause could include fraud, collusion, mistake, accident, or some other ground of the same nature, that would open the door to possible abuse and make litigation interminable. (American Express Travel Related Servs., Inc. v Vassall, 27 Misc 3d 1217[A], 2010 NY Slip Op 50779[U] [2010]; see also Caroli v Allstate Ins. Co., 100 AD3d 941 [2d Dept 2012]; Dykstra v Dykstra, 211 AD2d 745 [2d Dept 1995].) Similar to Williamson, plaintiffs counsel tele *1021 faxed a letter to the court signed by counsel stating in sufficient terms the settlement amounts for each plaintiff. Agreements are to be signed by the party against whom they are sought to be enforced; in this case, the plaintiff. Had this motion been made by defendant, its disposition may deviate because the settlement was not signed by the defendant. But it is plaintiff against whom the settlement is being enforced, and the settlement was provided by plaintiffs counsel. A further defect in the plaintiffs motion was that there was no showing of fraud, collusion, mistake, accident, or some other ground as would invalidate a contract. “Mistake” must be one which arose between the plaintiff and defendant. It is insufficient that the mistake may have been plaintiffs misunderstanding with her counsel about the difference between “net” and “gross” proceeds. There is no decisional authority that “change of mind” was intended to be included as a good cause for invalidating a contract. To the contrary, a subsequent change of mind as to the adequacy of a bargain which has been made is wholly insufficient in law or equity to destroy a contract of compromise and settlement. (American Express Travel Related Servs., Inc. v Vassall, 27 Misc 3d 1217[A], 2010 NY Slip Op 50779[U] [2010].)
By reason of the above, it is hereby adjudged that CPLR 3404 is inapplicable in this case and, even if it was, that the plaintiff failed to meet her burden in establishing why the case should be restored to the trial calendar; and it is further adjudged that the telefax signed by plaintiffs counsel informing the court that the case had been settled for the sum of $5,000 was a stipulation binding upon the plaintiff; and it is further adjudged that plaintiff failed to demonstrate fraud, collusion, mistake, accident, or some other ground as would invalidate a contract; and it is further ordered, that this motion is denied in its entirety.