[999 NYS2d 403]

WARREN COLE, Respondent, v HARRY MACKLOWE et al., Appellants.

First Department, December 23, 2014

### APPEARANCES OF COUNSEL

*Kasowitz, Benson, Torres & Friedman LLP*, New York City (*Marc E. Kasowitz, David E. Ross, Jonathan E. Minsker* and *Joshua N. Paul* of counsel), for appellants.

*Forman & Shapiro LLP*, New York City (*Robert W. Forman* of counsel), and *Allen & Miller, LLP*, New York City (*Yoram Miller* of counsel), for respondent.

### OPINION OF THE COURT

Acosta, J.

At issue in this appeal is the interpretation of the plain language of a limited partnership agreement whereby plaintiff

was obligated to sell his partnership interest upon the termination of his employment with defendant Manhattan Pacific if defendants made a proper offer to purchase it. We find that defendants failed to make a proper offer to purchase plaintiff's partnership interest upon his termination and therefore that plaintiff's obligation to sell was never triggered. Accordingly, when defendants sold the property owned by the partnership in 2008, plaintiff was entitled to his interest in the proceeds.

Defendant Macklowe is a well-known developer and owner of Manhattan real estate. In 1987, he organized defendant MAK West 55th Street Associates, L.P. (MAK West 55th or the partnership) for the purpose of acquiring property at 125 West 55th Street (the property), and developing an office tower on that site. In 1998, MAK West 55th transferred the property to 125 West 55th Street LLC (125 West LLC), another Macklowe entity.

In 1988, Macklowe's management company, Manhattan Pacific Management Co., Inc. (Manhattan Pacific), hired plaintiff, Warren Cole, an investment banker and real estate professional, who became Macklowe's "right-hand man" responsible for locating, acquiring and financing properties for Macklowe's businesses.

In 1994, Cole became a limited partner in MAK West 55th, pursuant to a limited partnership agreement (LPA), which granted him a 9% passive interest in MAK West 55th (partnership interest), with the remaining partnership interests held by Macklowe, his son William, and defendant MAK 55 Acquisition. The LPA provides, among other things, that no partner shall receive distributions other than as expressly provided in the LPA, and that distributions are to be made in proportion to the partners' partnership percentages.

Under section 11 of the LPA (the buy-sell provision), Cole was required to sell, and Macklowe was required to buy, Cole's partnership interest upon the termination, for any reason, of Cole's employment with Manhattan Pacific.[1] Section 11.2 provides that the price

> "shall be equal to the amount that he would receive if the partnership sold all of its property for amounts equal to the amounts that [Macklowe]

---

1. Specifically, section 11.1 states that upon termination of plaintiff's employment "he shall sell to [Macklowe] . . . , and [Macklowe] . . . shall purchase from [plaintiff], [plaintiff's] interest in the partnership at a price determined pursuant to section 11.2."

determines it would have received for such property in arms' length sales on the date of the Termination, satisfied all of its liabilities and other obligations and liquidated."

Section 11.3 provides that

"[a]t the closing of the purchase . . . , which shall take place 90 days after the date of Termination, [Macklowe] shall deliver to [Cole] as his check in payment . . . and [Cole] . . . shall deliver to [Macklowe] such instruments . . . he shall request evidencing the transfer of [Cole's] interest in the partnership."

In April 1999, Cole resigned from Manhattan Pacific. It is undisputed that after the termination of his employment, there was no sale or purchase of his partnership interest within 90 days of termination or thereafter.

In 2008, 125 West LLC sold the property for $443 million, and distributed the partnership's proceeds of $230,549,383 to Macklowe.

On January 14, 2011, Cole commenced this action asserting claims for breach of the LPA against Macklowe and MAK Acquisition for failure to distribute to Cole his 9% share of the partnership's assets stemming from the 2008 sale, unjust enrichment against Macklowe, and violation of Debtor and Creditor Law § 273 against all defendants for distributing assets to render the partnership insolvent despite its obligation to Cole.

On August 18, 2011, defendants moved to dismiss the complaint, asserting that Cole's claim for breach of contract was barred by the statute of limitations, as well as by his own breach of the agreement.

Cole argued that his breach of contract claim was timely because it did not arise out of Macklowe's failure to purchase his interest in 1999, but out of the partnership's failure to distribute the proceeds from the 2008 sale owed to him based on his continuing 9% interest. He further argued that his obligation to sell was conditioned upon Macklowe's setting and tendering the purchase price, which he did not do, and that defendants had failed to complain timely that Cole breached the buy-sell provision.

By order entered November 17, 2011, the court granted defendants' motion to dismiss, finding that the partnership ceased to exist in 1998, when the property was conveyed to another company, and that Cole's interest was extinguished when he failed to sell his shares in connection with the termination of his employment.

On October 23, 2012, this Court reversed, finding that "plaintiff's failure to sell his interest did not divest him of his partnership interest," given the absence of express language to that effect in the LPA (99 AD3d 595, 596 [1st Dept 2012]), and the fact that that interpretation of the LPA would be "absurd, not commercially reasonable and contrary to the express terms of the agreement" (id.).

In December 2012, defendants served their answer, including affirmative defenses asserting that Cole's claims were barred by, among other things, the doctrines of waiver, estoppel, laches, unclean hands and unjust enrichment. Defendants also served discovery requests concerning Cole's purported interest in the partnership, his tax returns, and his interests in other Macklowe properties.

On February 15, 2013, Cole filed a motion for partial summary judgment on his first cause of action, for breach of contract, against the MAK defendants and Macklowe, citing this Court's finding that he "continues to hold his partnership interest."[2] Specifically, Cole argued that defendants breached sections 6.1 and 12.2 of the LPA by not distributing to him 9% of the net proceeds of the 2008 sale of the property.

In opposition, the MAK defendants argued that issues of fact remained as to their affirmative defenses, and that discovery into Cole's post-termination communications about his partnership interest might reveal facts relevant to those affirmative defenses. Specifically, they alleged, for the first time, that in April 1999, Macklowe offered Cole $2.5 million in cash and debt forgiveness in exchange for all of Cole's remaining interests in Macklowe-controlled entities, including his partnership interest (1999 offer), that Cole rejected the 1999 offer and did not make any counteroffer, and that Macklowe subsequently informed Cole that he was rescinding all of Cole's

---

2. After oral argument, Cole withdrew that part of the motion seeking partial summary judgment against Macklowe on the first cause of action, for breach of the LPA, since the claim was not asserted against the individual defendant.

interests.[3] Defendants argued that this conduct, along with Cole's failure to make any claim or assert any rights with respect to that interest from 1999 until 2011, constituted a breach, or an estoppel or waiver by Cole. They further submitted that this Court's decision on the motion to dismiss did not foreclose them from establishing their affirmative defenses. Finally, defendants maintained that summary judgment should not be granted until there was discovery with respect to evidence of Cole's breach of the buy-sell provision or his purported continuing interest in the partnership after it was rescinded in 1999.

In reply, Cole argued that in 1999, defendants never set or tendered the purchase price in accordance with sections 11.2 and 11.3 of the LPA, and only offered him $2.5 million for his interests in 20 Macklowe-controlled entities. Cole further argued that defendants were on notice since 2001 that he continued to claim his partnership interest.[4]

On August 23, 2013, defendants moved to compel discovery. Plaintiff opposed, arguing that defendants' affirmative defenses failed as a matter of law and that none of the demanded discovery could support them.

In a decision dated September 16, 2013, the court granted Cole's motion for partial summary judgment against the MAK defendants on the first cause of action, citing this Court's ruling that Cole continues to hold his 9% partnership interest, and directed the parties to "[s]ettle order" (2013 NY Slip Op 32213[U], *9 [Sup Ct, NY County 2013]).

With respect to the facts alleged, the court noted that after Cole resigned, "Macklowe offered to purchase Cole's interest in, *inter alia*, the Partnership. However, plaintiff refused the offer . . . and . . . Macklowe informed plaintiff that he was rescinding plaintiff's interest" (*id.* at *3). The court then found

---

**3.** Defendants further alleged that the partnership issued Cole a form K-1 for the 1998 tax year reflecting that Cole no longer held an interest in the partnership, but Cole continued to identify his partnership interest on his tax returns from 1999 through 2010.

**4.** According to Cole, the 1999 offer involved the resolution of other claims asserted by Cole in 1999, which arose from Macklowe's alleged breach of other agreements granting Cole a 10% interest in 19 properties Macklowe was developing. After a damages trial in 2011, Cole was awarded a judgment for $9.3 million, plus other damages awarded on appeal (*see Cole v Macklowe*, 105 AD3d 604 [1st Dept 2013]), in addition to a $3 million judgment that was previously awarded to Cole on summary judgment (*Cole v Macklowe*, 64 AD3d 480 [1st Dept 2009]).

that "defendants[ ] breached the LPA when they failed to distribute 9% of the Partnership's assets to plaintiff upon dissolution of the Partnership in 2008 and plaintiff was damaged by failing to collect the money he was legally entitled to" (*id.* at *6).

The court further found that defendants "failed to demonstrate that a triable issue of fact exists as to their affirmative defenses of waiver and estoppel," concluding that "[w]hile defendants present[ed] several instances of inaction by plaintiff, . . . they fail[ed] to identify one single affirmative act by plaintiff evidencing . . . an intent" to not claim his 9% interest, and that the "LPA created no affirmative duty on plaintiff to assert his right to his interest" (*id.* at *6-8). In addition, the court found that

> "defendant's contention that plaintiff's failure to request K-1s for the Partnership in the nine years between his termination and commencement of this lawsuit evidences waiver of his right is unavailing as any such request would have been futile . . . as there was no chance Macklowe would have honored such a request" (*id.* at *8).

Finally, the court rejected defendants' contention that summary judgment should be denied because no discovery had taken place, finding that the requested documents "would not change the essential facts of this case, namely that plaintiff had a 9% interest in the Partnership that was neither bought nor, as, the First Department found, rescinded" (*id.* at *9).

On October 17, 2013, an order was entered granting plaintiff partial summary judgment as against the MAK defendants and awarding him damages for breach of the LPA.

On October 21, 2013, Cole filed a motion for summary judgment against Macklowe, asserting that his receipt of the proceeds of the 2008 sale constituted a breach of section 5.2 of the LPA and a fraudulent conveyance in violation of Debtor and Creditor Law § 273.

In opposition, Macklowe asserted that, as a limited partner, he could not be liable for the partnership's failure to make a distribution to Cole, that Cole's breach claim against him was a derivative claim that he could not bring directly, and that Cole should be estopped from asserting it.

By order entered on or about December 18, 2013, the court granted Cole's motion for summary judgment against Mack-

lowe on his fraudulent conveyance claim in violation of the Debtor and Creditor Law and on his claim that Macklowe breached the LPA, and awarded Cole damages.

A January 27, 2014 judgment was entered against Macklowe, awarding damages on his breach of contract and fraudulent conveyance causes of action.

Previously, in reversing the order granting defendants' motion to dismiss the complaint, we found that Cole could only be divested of his 9% partnership interest in MAK West 55th via a sales transaction outlined in section 11 of the LPA, that no such transaction occurred, and that Cole thus continued to hold his partnership interest in 2008 when defendants sold the property constituting the partnership's sole asset (see 99 AD3d 595 [1st Dept 2012]). Cole then moved for summary judgment on his claims for a 9% distribution of the partnership proceeds for the 2008 sale, and the motion court granted the motion and awarded him damages in that amount.

■ The grant of summary judgment should be affirmed. Defendants' argument that the motion court found that Macklowe had performed his obligations under the LPA by making the 1999 offer, but that Cole breached his obligations by failing to accept it or make a counter-offer, is unavailing. While the LPA does not clearly spell out all the mechanics of executing the buy-sell provision, it is implicit in the structure of section 11 that the initial step was Macklowe's valuation of the partnership interest. Macklowe was then to deliver to Cole a check in that amount at the closing, and Cole was required to sell his interest. The record makes clear that Macklowe did not comply with this particular obligation, and Macklowe has never alleged that he did. The record merely shows that in 1999 Macklowe offered Cole $2.5 million in exchange for all of his interests in various Macklowe entities without addressing the particular partnership at issue here or making an offer based on its market value.

Indeed, even if nothing in the plain language of the LPA precluded Macklowe from making the required offer as part of a comprehensive offer to purchase all of Cole's interests, as discussed above, the 1999 offer did not constitute a proper offer under the LPA because it did not include a clear offer to purchase Cole's partnership interest based on a statement by Macklowe as to its market value. As this general offer did not satisfy Macklowe's buy-sell provision obligations, Cole's duty to sell was never triggered, and thus his failure to take any steps to make such a sale was not a breach of the LPA.

Moreover, no further discovery is needed to evaluate whether the 1999 offer could satisfy the LPA. Any evidence that the offer was more detailed and included a specific offer targeted to the partnership interest based on Macklowe's assessment of its market value would be in defendants' possession, and defendants' failure to make any further allegations as to the substance of the offer clearly indicates that no such evidence exists.

Defendants contend that Cole's failure to take any steps to make a sale, combined with his 12 years of inaction after Macklowe informed him that he was rescinding the 9% interest, gives rise to issues of fact with respect to waiver or estoppel that preclude a grant of summary judgment without further discovery. Defendants point to, among other things, the evidence that Cole failed to object or otherwise respond to the 1999 form K-1 stating that he no longer retained his partnership interest, his failure to assert any rights with respect to the partnership between 1999 and 2011, including his failure to request a form K-1 indicating his continuing interest, and his failure to claim such an interest in the other litigations against Macklowe.

■ Cole's inaction does not raise any issues of fact with respect to defendants' affirmative defenses because the LPA imposed no affirmative duty on Cole, even after his employment terminated, to take action to maintain his partnership interest, which remained intact unless and until it was purchased by Macklowe pursuant to the buy-sell provision of the LPA. Macklowe had no proper grounds for rescission of Cole's interest; Cole had no duty to assert his rights in the face of Macklowe's ineffective rescission. Absent a duty to speak or act, Cole's silence or inaction could not result in a waiver of his partnership interest (*Bank of N.Y. v Murphy*, 230 AD2d 607, 608 [1st Dept 1996], *lv dismissed* 89 NY2d 1030 [1997]).

In any event, the record shows that Cole was not silent with respect to his partnership interest after termination. His 2001 testimony indicates that he believed he continued to have the 9% interest in the partnership, and his tax returns, some of which were produced to Macklowe in other litigation, consistently reported his ownership interest in the partnership. Defendants cannot credibly claim that they were unaware that Cole considered his partnership interest at least to be in dispute. The court, therefore, properly granted plaintiff summary judgment without permitting discovery on defendants' meritless affirmative defenses (*see 2386 Creston Ave. Realty,*

*LLC v M-P-M Mgt. Corp.*, 58 AD3d 158, 162 [1st Dept 2008], *lv denied* 11 NY3d 716 [2009]). Finally, as plaintiff continued to possess his 9% partnership interest at the time of the 2008 sale, the court correctly awarded him damages based on a 9% distribution of the partnership proceeds for the 2008 sale.

Accordingly, the order of the Supreme Court, New York County (Cynthia S. Kern, J.), entered October 17, 2013, which granted plaintiff's motion for partial summary judgment on his breach of contract claim against the corporate defendants, and the order and judgment (one paper) of the same court and Justice, entered January 27, 2014, granting plaintiff's motion for summary judgment against defendant Harry Macklowe on the causes of action for breach of contract and violation of Debtor and Creditor Law § 273, and awarding plaintiff damages against said defendant, should be affirmed, with costs.

MAZZARELLI, J.P., SAXE, RICHTER and CLARK, JJ., concur.

Order, Supreme Court, New York County, entered October 17, 2013, and order and judgment (one paper), same court and Justice, entered January 27, 2014, affirmed, with costs.