■ Jose Jimenez, Plaintiff, and Tanya Morales, Respondent, v Patrick Yanne et al., Appellants. [55 NYS3d 652]—

Order, Supreme Court, New York County (Leticia M. Ramirez, J.), entered April 12, 2016, which denied defendants' motion to enforce a settlement agreement as to plaintiff Tanya Morales, unanimously reversed, on the law, without costs, and the motion granted.

The email communications between plaintiffs' counsel and defendants' counsel sufficiently set forth an enforceable agreement to settle plaintiffs' personal injury claims, including that of plaintiff Morales (see Williamson v Delsener, 59 AD3d 291 [1st Dept 2009]). Plaintiffs' counsel, who had authority to bind Morales, accepted defendants' offer (see Kowalchuk v Stroup, 61 AD3d 118, 122 [1st Dept 2009]). Furthermore, counsel typed his name at the end of the email accepting defendants' offer, which satisfied CPLR 2104's requirement that settlement agreements be in a "writing subscribed by him or his attorney" in order to be enforceable (CPLR 2104; see Forcelli v Gelco Corp., 109 AD3d 244, 251 [2d Dept 2013]; Newmark & Co. Real Estate Inc. v 2615 E. 17 St. Realty LLC, 80 AD3d 476, 477 [1st Dept 2011]; Stevens v Publicis S.A., 50 AD3d 253, 255-256 [1st Dept 2008], lv dismissed 10 NY3d 930 [2008], citing Rosenfeld v Zerneck, 4 Misc 3d 193, 195 [Sup Ct, Kings County 2004]), thus creating a binding settlement agreement. Concur— Sweeny, J.P., Mazzarelli, Webber, Kahn and Kern, JJ.