Herz v Transamerica Life Ins. Co. (2019 NY Slip Op 04147)





Herz v Transamerica Life Ins. Co.


2019 NY Slip Op 04147


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
BETSY BARROS, JJ.


2018-13350
 (Index No. 501660/17)

[*1]Esther Herz, appellant, 
v
Transamerica Life Insurance Company, et al., respondents.


Sinel & Associates, PLLC, New York, NY (Jeremy M. Weg of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Robert P. Lesko and Joseph M. Morgese of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated October 23, 2018. The order, insofar as appealed from, granted that branch of the defendants' motion which was to enforce a settlement, compel the plaintiff to execute a release, and file a stipulation of discontinuance.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff's husband (hereinafter the decedent) purchased a life insurance policy covering accidental death and dismemberment, and named the plaintiff as the beneficiary. On January 4, 2013, the decedent died after allegedly suffering a fall at the nursing home where he was living.
The plaintiff commenced this action against the defendants, Transamerica Financial Life Insurance Company and Transamerica Life Insurance Company (hereinafter together Transamerica), inter alia, to recover the proceeds of the insurance policy. Over the course of several months counsel for the respective parties corresponded by email in an attempt to negotiate a settlement. On March 13, 2018, the plaintiff's counsel accepted an offer in the sum of $12,500 to settle the case, in exchange for a release in favor of Transamerica. The plaintiff's counsel agreed to prepare a stipulation and have it signed by the plaintiff, and defense counsel agreed to prepare the release.
On April 30, 2018, after modifications were made to the release at the plaintiff's request, the plaintiff's counsel stated in an email to Transamerica's counsel that the release "[l]ooks good. I will get over to client today." However, on May 1, 2018, the plaintiff's counsel emailed Transamerica's counsel, saying that the plaintiff "also requested that we remove Transamerica denies allegations set forth.' If this is acceptable I will edit the word doc you sent." In response, Transamerica's counsel wrote "[s]he's pushing too far. Transamerica does deny the allegations. That stays in. It should [sic] matter to her or you, however, since Transamerica is not the final arbiter of that question. It will have no bearing on her PI lawsuit. Please get her signature."
Thereafter, the plaintiff obtained new counsel, who advised Transamerica's counsel that the plaintiff would not execute a release and stipulation of discontinuance. In July 2018, Transamerica moved, inter alia, to enforce the settlement. The plaintiff opposed the motion, contending that there had not been a settlement.
In an order dated October 23, 2018, the Supreme Court granted that branch of Transamerica's motion which was, among other things, to enforce the settlement, finding that the settlement, made via email exchanges entered into by Transamerica's counsel and the plaintiff's prior counsel, was valid and enforceable. The plaintiff was directed to execute the release exchanged between counsel and file a stipulation of discontinuance. The plaintiff appeals.
Stipulations of settlement "are judicially favored, will not lightly be set aside, and are to be enforced with rigor and without a searching examination into their substance' as long as they are clear, final and the product of mutual accord'" (Peralta v All Weather Tire Sales & Serv., Inc., 58 AD3d 822, 822, quoting Bonnette v Long Is. Coll. Hosp., 3 NY3d 281, 286; see Mooney v Manhattan Occupational, Physical and Speech Therapies, PLLC, 166 AD3d 957, 960). To be enforceable, such stipulations "must conform to the criteria set forth in CPLR 2104" (Forcelli v Gelco Corp., 109 AD3d 244, 248; see Kataldo v Atlantic Chevrolet Cadillac, 161 AD3d 1059, 1060). Where the parties do not enter into a settlement in open court, CPLR 2104 provides that an "agreement between parties or their attorneys relating to any matter in an action . . . is not binding upon a party unless it is in a writing subscribed by him or his attorney" (see Kataldo v Atlantic Chevrolet Cadillac, 161 AD3d at 1060; Forcelli v Gelco Corp., 109 AD3d at 248). Further, as settlement agreements must abide by the principles of contract law, " for an enforceable agreement to exist, all material terms must be set forth and there must be a manifestation of mutual assent'" (Forcelli v Gelco Corp., 109 AD3d at 248, quoting Diarassouba v Urban, 71 AD3d 51, 60).
Here, the emails were subscribed by counsel, set forth the material terms of the agreement—the acceptance by the plaintiff's counsel of an offer in the sum of $12,500 to settle the case in exchange for a release in favor of Transamerica—and contained an expression of mutual assent (see Forcelli v Gelco Corp., 109 AD3d at 248-251; Williamson v Delsener, 59 AD3d 291, 291; Wronka v GEM Community Mgt., 49 AD3d 869, 872). Contrary to the plaintiff's contention, the settlement was not conditioned on any further occurrence, such as the formal execution of the release and settlement (see Forcelli v Gelco Corp., 109 AD3d at 248; cf. Williams v Bushman, 70 AD3d 679, 680-681). Therefore, the plaintiff's subsequent refusal to execute the release did not invalidate the agreement (see Williamson v Delsener, 59 AD3d at 291).
Accordingly, we agree with the Supreme Court's determination that the agreement was enforceable.
DILLON, J.P., BALKIN, AUSTIN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court