Field v Pet Haven, Inc. (2021 NY Slip Op 04450)





Field v Pet Haven, Inc.


2021 NY Slip Op 04450


Decided on July 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


465 CA 20-01120

[*1]DEREK J. FIELD, PLAINTIFF-RESPONDENT,
v
PET HAVEN, INC., DEFENDANT-APPELLANT. 






SUGARMAN LAW FIRM, LLP, SYRACUSE (STEPHEN A. DAVOLI OF COUNSEL), FOR DEFENDANT-APPELLANT. 


 Appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered September 1, 2020. The order denied the cross motion of defendant to enforce a settlement agreement. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the cross motion is granted.
Memorandum: Plaintiff commenced this negligence and Labor Law action after he was allegedly injured while working on defendant's property. Settlement negotiations ensued, and defendant's lawyer eventually sent an email to plaintiff's lawyer offering to settle the case for $32,500. Plaintiff's lawyer responded that "[plaintiff] has informed me that he would like to accept the $32,500 settlement. . . . Is it possible to email me over a release for this case from your adjuster please?" Plaintiff's lawyer affixed his name to the bottom of the foregoing email. Within two hours, defendant's lawyer emailed the requested settlement papers to plaintiff's lawyer. Plaintiff ultimately refused to execute those papers, however, and defendant subsequently cross-moved to enforce the settlement agreement (see Malvin v Schwartz, 48 NY2d 693, 694 [1979]). Supreme Court denied the cross motion, and we now reverse.
"An agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney" (CPLR 2104). CPLR 2104 applies to settlement agreements (see Eastman v Steinhoff, 48 AD3d 738, 739 [2d Dept 2008]), and an email constitutes a writing for purposes of that provision (see Williamson v Delsener, 59 AD3d 291, 291 [1st Dept 2009]). "In addition, since settlement agreements are subject to the principles of contract law, 'for an enforceable agreement to exist, all material terms must be set forth and there must be a manifestation of mutual assent' " (Forcelli v Gelco Corp., 109 AD3d 244, 248 [2d Dept 2013]). Thus, where "an email message contains all material terms of a settlement and a manifestation of mutual accord, and the party to be charged, or his or her agent, types his or her name under circumstances manifesting an intent that the name be treated as a signature, such an email message may be deemed a subscribed writing within the meaning of CPLR 2104 so as to constitute an enforceable agreement" (id. at 251).
As defendant correctly contends, the requirements for a valid and enforceable settlement agreement are satisfied here. The email from plaintiff's lawyer to defendant's lawyer contained the only two material terms of the agreement, i.e., defendant's payment of $32,500 to plaintiff in exchange for plaintiff's release of defendant from further liability; the email plainly manifested the parties' mutual accord, i.e., "[plaintiff] has informed me that he would like to accept the $32,500 settlement [offered by defendant]"; and the lawyer representing the party to be bound, i.e., plaintiff, explicitly typed his name at the end of the email in a manner akin to a hand-signed letter. Nothing more was required, and plaintiff's "subsequent refusal to execute form releases and a stipulation of discontinuance did not invalidate the agreement" (Williamson, 59 AD3d at 292). To the contrary, plaintiff's subsequent refusal to execute the necessary releases and [*2]stipulation constituted a breach of the parties' valid settlement agreement. The court thus erred in denying defendant's cross motion to enforce the settlement agreement (see Jimenez v Yanne, 152 AD3d 434, 434 [1st Dept 2017]; Williamson, 59 AD3d at 291-292).
Entered: July 16, 2021
Mark W. Bennett
Clerk of the Court