Noyack Med. Partners, LLC v OSK IX, LLC

2026 NY Slip Op 02211

April 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Noyack Medical Partners, LLC, Plaintiff-Appellant,

v

OSK IX, LLC, Defendant-Respondent.

Decided and Entered: April 14, 2026

Index No. 654665/21|Appeal No. 6343|Case No. 2025-01697|

Before: Moulton, J.P., Friedman, González, Shulman, Rosado, JJ.

Cuddy & Feder LLP, White Plains (Brendan M. Goodhouse of counsel), for appellant.

Borg & Bryks LLP, New York (M. Alexander Bowie, II of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about January 17, 2025, which, to the extent appealed from, awarded plaintiff damages in the amount of $390,000, plus pre-judgment interest running from June 7, 2021 to the date judgment is entered, unanimously affirmed, without costs.

Supreme Court's damages award was "based on a fair interpretation of the evidence" and was "not contrary to the weight of the evidence" (Lariviere v New York City Tr. Auth., 131 AD3d 1130, 1132-1133 [2d Dept 2015], lv dismissed 27 NY3d 1029 [2016]; see also Tanya Knitwear [PVT], Ltd. v Young Stuff Apparel Group, Inc., 12 AD3d 258, 258 [1st Dept 2004]). The court properly calculated damages based on the value of the taxi medallions as of June 7, 2021, the date of the breach (Uniform Commercial Code § 2-713; see Fertico Belgium v Phosphate Chems. Export Assn, 70 NY2d 76, 81-82 [1987]; Cole v Macklowe, 64 AD3d 480, 480 [1st Dept 2009]). In doing so, the court properly relied on a recent sale of the medallions to arrive at its valuation (see Matter of Allied Corp. v Town of Camillus, 80 NY2d 351, 356 [1992]).

Additionally, because plaintiff was not a covering buyer, it was not entitled to additional damages based on the expense of preparing the medallions for sale (Uniform Commercial Code § 1-305; cf. Fertico, 70 NY2d at 82, 84).

We have considered plaintiff's remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 14, 2026